LITTLE
ROCK,
Jan'y 1839

RUDDELL
vs.
MOZER
and
MOZER

John Ruddell *against* John Mozer & Barnett Mozer.

*Error to Independence Circuit Court.*

The rule that the allegations and proof must correspond, applies to cases commenced before a justice of the peace, so far as the plaintiff is bound to state the ground of his action, but no farther.

His evidence must in every case be of the same legal character and description, as that mentioned in the summons, which the defendant is called upon to answer.

In every other respect the proceedings are *ore tenus*.

No bill of exceptions can be taken before a justice; but either party may take them on the trial upon appeal in the Circuit Court; and will have the same advantage of them when improper testimony is admitted, or proper testimony is excluded, as though the pleading had been formally drawn out in form.

Where the action before the justice was founded on a parol agreement, and a written agreement was permitted to go in evidence on the part of the plaintiff, in the Circuit Court, which would have been inadmissible, in the foundation of the action, yet, if the record does not show that the agreement so offered in evidence was filed before the justice on or before the day of trial, nor in the clerk's office on the appeal being taken; in such case the record does not show it to be the foundation of the action. And the legal presumption is, that the suit was not based upon it, but on some other agreement by parol, as contradistinguished from a written agreement.

If such were not the fact, the defendant should have shown it by bill of exceptions. Not having done so, the legal presumption is, that sufficient legal proof was offered to warrant the verdict and judgment in the Circuit Court.

If therefore the case could have occupied such an attitude as to justify the introduction of the written agreement for any purpose whatever, the legal presumption is, that it was in such situation when the writing was admitted.

And it makes no difference, if the names of the plaintiffs are differently spelled in the summons, and in the agreement. The identity must be presumed to have been proven, or in other words, that the plaintiffs, as well as the defendant, executed the agreement.

Where the defendants were named "John Mozer and Barnett Mozer" in the summons; and in the agreement offered in evidence "*John Mousuer* and *Barnett Mosuser*," and their signatures to the agreement were "*John Mouseuer* and *Barnett Mouseur*," held that the names were *idem sonans*.

This was an action originally commenced before a justice of the peace, and the summons commanded the constable to summon "*John Ruddell*, surviving partner of John Ruddell and Aaron Gillett, partners under the style, &c. of *Ruddell & Gillett*, to appear and answer unto *John Mozer* and *Barnett Mozer* in an action *on a parol agreement*."

The justice gave judgment against *Ruddell* for $33, and he appealed to the Circuit Court.

LITTLE ROCK, Jan'y 1839

RUDDELL
*vs.*
MOZER
and
MOZER

When the case came on for trial in the Circuit Court, a jury was called to try the issue; and on the trial the plaintiffs offered in evidence a written agreeement, which was in the following words:.

"Artickles of and agree ment maid and entered into by and between *John Ruddell* and *Aaron Gillett* on the one part, and *John Mousur* and *Barnett Mosusur* of the other part, all of the county of Independence county, and Territory of Arkansas, witnes that the said *Mouses* hais higerd to the said *John Ruddell* and *Aaron Gillett* ther 2 suns, Sam and Fedrick, for the sum of 22 dollars per mont, and is to let them goo to Crit ten county, and clear ground and make fence, on the land that they hav agreed to clear for Thomas P. Eskridge, and they bind themselves to let them work five months apeace, to commence about the first day of Febuary, or soner if called on, and they aint to leave them until the first day of July, this 12 day of January, 1835"—which agreement was signed "*John Ruddell & Gill.*" "*John Mouseuer, Barnett Mouseuer.*"

The defendants objected to its being read in evidence, which objection was overruled, and it went to the jury, who found for the plaintiffs $53 70 damages, for which, and costs, judgment was rendered. The defendant then moved for a new trial, which motion was overruled, and he sued his writ of error.

FOWLER & BLACKBURN, for the plaintiff in error:

In behalf of *Ruddell* it is contended, that the said writing was improperly admittted in evidence, and that the judgment predicated thereon must be erroneous.

*Firstly,* That it ought not to have been admitted, because the writ which was the foundation of the action, and in place of a declaration, called on *Ruddell* to answer "in an action on a *parol agreement;*" and the agreement given in evidence was *in writing.* The Statute governing such proceedings before justices of the peace, evidently draws a distinction; and under the Statute the precise cause of action should be stated in the summons. See *law and form of summons,* in *Geyer's Dig. p.* 382, 382, *sec.* 1. The *proof* must correspond with the *allegations.*

*Secondly,* There is no signature of *Aaron Gillett* appended to the contract, as the face of it in order to make it valid, shows that there should be; or there should be a showing that *Aaron Gillett's* usual signature, or the signature that he used in this case was "*Gill.*" There

is nothing showing that *Ruddell* and *Gillett* were partners, and in order to make it their individual contract, as it purports on its face, both of them should have signed: otherwise, it is misdescribed, and if the contract of *Ruddell* at all it is his own individual contract, and not that of him and Gillett, either. individually or as partners; and does not make him responsible in manner and form, and in the character and name, by which he is described and called upon to answer in the summons. If *Ruddell's* contract at all, it is his individual liability, as signed by no other person but himself. Such variance is fatal, and the writing ought to have been excluded. *Archb. Civ. Pl.* 113; 1 *Peters' Rep. p.* 139; 3 *Stark. Ev.* 1575.

*Thirdly,* The said *John* and *Barnett Mozer* were entitled to no benefit from the contract produced in evidence, having no legal interest therein. It was a contract in favor of *John Mouseuer* and *Barnett Mouseuer,* persons of different name, both in *spelling* and *sound,* and could not be legal evidence for the plaintiffs below, unless it had been transferred to them by assignment. Therefore, being a contract between different persons, it was materially variant from the contract described in the summons, and ought to have been excluded for such gross and palpable variance.

*Fourthly,* The writing produced in evidence showed clearly a demand not within the jurisdiction of a justice of the peace. A contract for *five months* work at *twenty-two dollars per month,* (supposing the lowest even, that it was for their hire *jointly,*) amounts to *one hundred and ten dollars*—a sum for which suit should have been instituted in the Circuit Court originally, which, by the State Constitution, has *exclusive* jurisdiction thereof. Vide *Art.* — *Sec.* — The contract was an entirety, and could not be separated into different suits; and if suit had been brought for a balance due, the record should have shown the fact—if to be tolerated at all. Vide 15 *Johns. Rep.* 229, *Smith* vs. *Jones.*

Upon all these grounds, *Ruddell* contends that the case ought to be reversed.

As to *variance* see cases in point. *Peak. Ev.* 197; *Hardin's Rep.* 507, *Palmer, &c.* vs. *McGinnis;* 1 *J. J. Marsh.* 299; 5 *Taunt.* 814.

As to allegations, proof, &c. see *Ark. Sup. Courts Rep. p.* 118, *Jeffrey* vs. *Underwood.*

When a note was given by the name of Shirtleff, and declared in

LITTLE
ROCK,
Jan'y 1839

RUDDELL
*vs.*
MOZER
and
MOZER

the declaration.as made by Shutliff, the plaintiff was non-suited. 1 *Chit. Pl.* 307; *Gorden* vs. *Austen*, 4 *Tenn. Rep.* 611.

CLENDENIN, *contra:*

The action was well brought on a parol agreement, if the court should incline to the opinion that the writing copied in the plaintiff's bill of exceptions, was the basis of the action; for it is a well settled principle that all contracts not under seal are parol,—(see *Comyn on Con. Chap. 1st, Part 1st.*)—and there is no law in force in Arkansas that can be so construed as to abolish the well settled distinction between sealed instruments and parol contracts.

The paper transcribed in the record of this case, as the court will perceive, was not objected to as constituting the basis of the action; but merely as evidence in the cause, so that the Circuit Court did not err in admitting that in evidence, which both parties had made the highest and only evidence of their contract. If this court should believe that the paper copied in the bill of exceptions is not such a one as is described in the summons, and that therefore the action cannot be sustained upon it; yet they will be bound to presume that it was not regarded by the court below as the basis of the action, but that the action was founded upon other and different evidence, as nothing appears to the contrary in the bill of exceptions; nor does it say that there was no other testimony adduced before said Circuit Court. This court is bound to sustain the judgment of the court below, and to presume that it had sufficient and competent evidence to found its judgment upon, unless it shall be made to appear to the contrary by the bill of exceptions.— See 2 *Littell*, 182, 186; 5 *Littell*, 316, 221.

To the second assignment they answer that it no where appears in the record that their signature, so far as is necessary to be inquired into by this court, was disputed, either by the plea of *non est factum*, or any other plea. If the plaintiffs in error had intended to deny the execution of the paper, he should have done so in the Circuit Court, by the plea of *non est factum*—or if he had intended to deny that he was the identical person mentioned in the summons, he should have pleaded the plea of misnomer: and since he has failed to plead either, this court is bound to presume that the Circuit Court had all the evidence necessary to authorize the judgment given in the case. This court will presume that every objection that could be made, was made, and that the plaintiff alone combatted and silenced them by compe-

LITTLE ROCK, Jan'y 1839

RUDDELL vs. MOZER and MOZER

tent and legal testimony, until the contrary clearly appears by the record. And this court is confined in its investigations to the points raised and adjudicated upon by the inferior court. See *Statutes of Arkansas, A. D. 1836 p. 132, sec. 14, regulating practice in Supreme Court.*

To the third assignment defendants answer that there is no variance between the names of the plaintiffs below, as described in the summons, and the paper copied in the bill of exceptions, as *Mozer* and *Mousur* are one and the same in sound; and in case the court should think otherwise, it is a point that they cannot take cognizance of, as no objections appear to have been made in the court below. This is a matter that could only be taken advantage of by the plea of misnomer filed in the Circuit Court, and since that does not appear this court will presume them to be the same name, or that they are known as well by the one as the other, and that the Circuit Court had ample evidence of that fact.

To the fourth error the defendants have already answered.

To the fifth error the defendants answer, and say that according to the contract of the parties, the defendants had a right of action on the expiration of each succeeding month, and had their option to institute fine, separate writs, or to postpone suit until the expiration of the whole five months, and then commence in the Circuit Court. The defendants hold it to be wholly immaterial in this case whether the contract be considered as an entirety, or capable of a separation, as they rest their case on a ground that will sustain them in either view of the case. Suppose the contract in this case to be entire, and that the defendants were prevented from performing the whole contract, either by the act of God, or by the act of the plaintiff, would this court say that these defendants could not recover a reasonable compensation for their labor? I presume not. If, then, that is the law, it does seem that this court can arrive at no other conclusion than that it was proven before the Circuit Court, that the defendants were prevented from doing so, as there is nothing in the record to the contrary; and if such proof be necessary to sustain the judgment, this court will presume that such was the case, as made out in the court below. Their defendants now insist that inasmuch as they have altered a judgment before a justice of the peace, and then again in the Circuit Court, that they are entitled to the benefit of all legal presumptions; and that this court will sustain the judgment of the court below, unless it shall be so fatally defective that it cannot by any possibility do so.

LITTLE
ROCK;
——
RUDDELL
*vs.*
MOZER
and
MOZER

RINDO, *Chief Justice*, delivered the opinion of the court:

This is a writ of error, prosecuted to reverse a judgment of the Circuit Court of Independence county. The action was commenced before a justice of the peace, by the defendants in error, against *John Ruddell*, as survivor of Aaron Gillett, late partners, &c. who were summoned to answer the plaintiffs "in an action on a parol agreement." On the trial before the justice, the plaintiff obtained a judgment for 33 dollars, from which the defendant appealed to the Circuit Court;—and for the prosecution thereof, Daniel C. Ruddell became his special bail.

A jury was empannelled and sworn to try the cause in the Circuit Court, and returned a verdict for the plaintiffs for $58 70-100 in damages, upon which the court rendered judgment in favor of the plaintiffs, against the defendant and Daniel C. Ruddell as his special bail, for the amount of damages found by the jury, and all of the costs of suit. On the trial before the jury in the Circuit Court, the plaintiffs offered as evidence a written agreement, to the introduction of which the defendant objected, and moved the court to exclude it, but the court overruled his objection, and admitted it to be read as evidence to the jury. The defendant excepted to the opinion of the court overruling his motion to exclude the written agreement, and admitting it as evidence in the case, and filed his bill of exceptions, setting out the agreement *in haec verba,* and making it a part of the record.

The defendant also moved the court for a new trial, upon the following grounds: 1st, That the jury found contrary to law and evidence. 2nd, That the jury found contrary to the instructions of the court.— 3rd, That injustice has been done him in the case. 4th, That the action is misconceived. But the court overruled his motion. There is an assignment of error and joinder thereto. The first error assigned questions the judgment of the Circuit Court in admitting the agreement in writing as evidence on behalf of the plaintiffs below, on the following grounds: 1st, Because it varies from the cause of action described in the summons in this, that it is not a parol agreement, but an agreement in writing. 2nd, Because it does not purport to have been signed by Aaron Gillett, nor by *Ruddell,* as alleged in the summons. 3rd, Because the persons named in the agreement, are other and different persons from those named in this suit. 4th, Because the written agreement was made and signed by *John Mousuer* and *Barnett Mousuer* and not by, or in the names of the plaintiffs; the names be-

ing wholly different in spelling and sound. And 5th, Because the written agreement is evidence of a demand and amounts in controver- sy exclusively within the jurisdiction of the Circuit Court, and over which the justice of the peace had no jurisdiction. The second error assigned questions, the decision of the court overruling the defend- ant's motion for a new trial. And the third is the general assignment, that the judgment is for *John* and *Barnett Mousuer* against *John Ruddell*—whereas, by the law of the land, it ought to have been given for the latter against the former.

The questions raised by the assignment of errors will be disposed of in the order in which they are stated.

It is a general rule that the allegations and proof must correspond, and, the facts put in issue by the former must be established by the latter, to enable the party holding the affirmative, to succeed in obtaining a judgment in his favor; and this rule has been held to apply in cases commenced before a justice of the peace, so far as the plaintiff is under the Statute, bound to state the ground of his action; but no farther: as for instance, where he states that his action is founded on a writing obligatory, evidence of a parol contract cannot be received, and so *vice versa*, and the plaintiffs' evidence must in every case be of the same legal character and description, as that mentioned in the summons, which the defendant is called upon to answer, and if it vary therefrom in this respect, it is inadmissible; but the pleadings are in every other respect, *ore tenus*, and neither the allegations nor proof appear of record, or comprise any part thereof, unless made to do so by being incorporated into a bill of exceptions, which cannot be taken by either party before the justice, but which it is the right of either party to have upon a trial of the case before the Circuit Court on an appeal; and if from the facts thus made of record, it appears that irrelevant, illegal, or incompetent evidence was admitted, or relevant, competent proof was excluded on the trial, the party prejudiced thereby is entitled to the same advantage thereof on a writ of error, as if the pleadings were regarded by law to be formally drawn out in writing. And where the action is founded on any bond, bill, or note, in writing, the plaintiff is required to file the same with the justice, on or before the day of trial; and where an appeal is taken from the judgment of a justice, it is by law made the duty of the justice to file with the clerk of the Circuit Court, on or before the first day of the next term therof, " the original papers and process, together with the recognizance and

LITTLE
ROCK,
Jan'y 1839

RUDDELL
*vs.*
MOZER
and
MOZER other papers appertaining to the case, and a copy of the entries made in his docket." And the law prescribes that the case shall be tried on its merits, without regard to any irregularity or want of form, on the trial or proceedings of the justice, and no exceptions shall be taken to any irregularity or want of form.

The action is founded on a parol agreement; and the record does not show that the agreement in writing offered in evidence on the trial in the Circuit Court, was filed in the case, on or before the day of trial before the justice of the peace, as it was required by law to have been, if it was the foundation of the action; nor does it appear that it was filed by the justice in the clerk's office on the appeal being taken, with the papers and process appertaining to the case, as the Statute requires, if the action was founded upon it: therefore, inasmuch as the record wholly fails to show that it constitutes the ground of the plaintiff's action, the legal presumption is that the suit is not based upon it, but upon some other agreement, by parol, as contradistinguished from a written agreement; and if such was not the fact, it was the duty of the defendant, when he objected to the evidence, and his objections were overruled, to have shown it by his bill of exceptions, which he has not thought proper to do; and thereby, and by failing to set forth all the evidence in the cause, he has subjected his case to the full operation of the legal presumption, that there was adduced on the trial other legal proof sufficient to warrant the jury in finding the verdict, and the court in rendering judgment thereupon in favor of the plaintiffs, and he by his bill of exceptions presents this isolated question:— whether the written agreement could legitimately be admitted as evidence to establish any fact in the claim of testimony requisite or proper to maintain the action upon the parol agreement. The bill of exceptions states simply that the plaintiffs offer to introduce as evidence a written agreement, to which the defendant, by his attorney, objected, and moved the court to exclude the same, which motion was overruled by the court; to which opinion of the court the defendant excepts, and prays the agreement in writing, a copy of which is here given to be made part of his bill of exceptions. Articles of agreement made and entered into by and between *John Ruddell* and *Aaron Gillett* of the one part, and *John Mousur* and *Barnett Mousuer* of the other part, all of the county of Independence, country and Territory of Arkansas, witnesseth that the said *Mozers* have hired to the said *John Ruddell* and *Aaron Gillett* their two sons, Sam and Fredrick, for the sum of 22 dol-

lars per month, and is to let them go to Crittenden county, clear ground, make fence on the land they have agreed to clear for Thomas P. Eskridge; and they bind themselves to let them work five months a peace—to commence about the first day of February or sooner if called on, and they AINT to leave them OUT TELL the first day of July, this 12th day of January, 1825.

LITTLE ROCK, Jan'y 1839<br>RUDDELL<br>vs.<br>MOZER<br>and<br>MOZER

JOHN RUDDELL, and<br>GILL,<br>JOHN MOUSUER,<br>BARNETT MOUSUER.

And the said defendant prays that the above copy of the agreement may be signed, sealed, and made a part of the evidence in this case.        L. B. TULLY, [L. s.]

But this bill of exceptions wholly fails to show what evidence was before the court and jury, when this written agreement was offered and admitted, what fact it was designed to establish, or what the state of pleading between the parties was; consequently, if the case could have occupied such a situation as to justify the introduction of the written agreement, as evidence for any purpose whatever, the legal presumption is, that it was in such situation when the writing was admitted, and that the case may have occupied such an attitude that this written agreement would have been competent legal testimony, for the plaintiffs cannot, in our opinion, be denied. Suppose, for instance, that the parties to this very agreement, after it was entered into and had been partly executed on the part of the plaintiffs, had mutually agreed by parol to dispense with the further performance thereof by the plaintiffs, and that the written agreement should be cancelled, and that the defendant and Gillett, since deceased, should, in consideration thereof, pay them so much money as the service performed by them under said contract was reasonably worth; and the plaintiffs had sued the defendant on this parol agreement, and it became a question on the trial, whether such written agreement ever existed, or whether the plaintiffs had rendered any service under it. Would not the agreement in writing itself have been the best evidence of the fact, that such agreement had been entered into between the parties, and of the terms thereof, and the service to have been performed by the plaintiffs under it? We believe it would in such case have been the only legal evidence to establish these facts, unless the writing had been lost or destroyed; when, upon the proof of the loss or destruction

LITTLE
ROCK,
Jan'y 1839

RUDDELL
*vs.*
MOZER
and
NOZER thereof, secondary evidence could have been admitted. The party controverting the decision is, in every instance before he can succeed, bound by law to exhibit facts, the existence of which show affirmatively that the court decided wrong. By applying these well settled principles to the case before us, it manifestly appears that there is no error shown by the record in the judgment of the court below, overruling the defendants motion to exclude the written agreement, and admitting it as evidence in the cause; nor does the fact of the different spelling of the plaintiff's name in the summons, and in their signature to the written agreement, make any differance as to the question; because these evidently must now be presumed to have been proven, or in other language we are bound by law to presume, that there was full proof that the plaintiffs, as well as the defendant and Gillett, did execute the agreement; but independent of this legal presumption, we have no doubt that the name of the plaintiffs, as it is spelled both in the summons and their signature to the written agreement, may very properly be pronounced alike, and that they should be, and are in law required, as being idem sonus.

If we are right in the conclusion that the agreement in writing was legal testimony for the plaintiffs, and correctly admitted to go to the jury as evidence in the case, there is nothing in the record from which we can determine that the court erred in refusing the defendant a new trial. The whole evidence is not spread upon the record, and we cannot from any thing appearing in the record, see that the verdict of the jury is either contrary to law or evidence, or that it does not conform to the instructions of the court, as no instructions are shown to have been either given or refused; nor does it appear that injustice has been done the defendant, or that the plaintiff's action is misconceived.

Wherefore, we are of the opinion that the record does not show any error in the judgment of the Circuit Court, and that the same ought to be, and it is hereby affirmed with costs.