Mr. Justice Scott delivered the opinion of the Court. It was laid down upon authority, by this Court, in the case of Williams Ex parte, (4 Ark. 540,) that “the rule was, at common law, that no prohibition lay to an inferior court in a cause arising out of its jurisdiction, until that matter had been pleaded in the original court and the plea refused, and that it must appear in the suggestion that the plea was verified and tendered in person during the sitting of the inferior court.” And the same doctrine was reiterated in the subsequent case of Blackburn Ex parte, 5 Ark. R. 22. This rule is decisive of the application at bar, because it is in principle directly applicable to it. It does not appear in the suggestion that there has been any effort at relief in the court below. Although the parties may have in fact had no actual notice of the time and place of applying for the injunction, and thus had an opportunity to have guarded the judge against the error into which he has fallen; nevertheless they might have afterwards gone before the Circuit Court of Independence county, and, upon there showing that the whole proceedings were directly in the face of the statute, {Dig.,p. 592, sees. 5, 6, 7,) have doubtless had the injunction dissolved and the bill dismissed for want of jurisdiction, and thus have obtained the relief they seek here by these proceedings. And if that court had refused such relief, then the appropriate allegation of such refusal, in addition to the allegations contained in the suggestion before us, would have made a proper case for the interposition of this court in virtue of its powers of superintending control, which have in this case been invoked. There being no such allegation in the suggestion before us, the application for the rule to show cause why the writ of Prohibition should not issue, must be refused.