BENCH *v.* STATE.

Opinion delivered February 20, 1897.

FORGERY—VARIANCE.—Where an indictment for forgery of a lost instrument sets out its substance, without alleging that defendant destroyed it, it is error to charge the jury that a misdescription of the instrument is immaterial, under Sand. & H. Dig., § 2086, providing that where a written instrument, the subject of an indictment for forgery, "has been withheld or destroyed by the act or procurement of the defendant, and such destruction or withholding is alleged in the indictment and proved on the trial, a misdescription of the instrument is immaterial."

VARIANCE—MATERIALITY.—Whether evidence that the name signed to a forged instrument was "G. H. Arnel" is materially variant from an allegation in the indictment that the name signed was "George H. Arnel" is a question for the jury, where the instrument was set out by its substance, and not by its tenor.

Appeal from Marion Circuit Court.

BRICE B. HUDGINS, Judge.

STATEMENT BY THE COURT.

The appellant, John Bench, was indicted for forgery and for uttering and publishing a forged instrument of writing. The indictment alleged that said Bench "did falsely and feloniously forge and counterfeit a certain writing on paper, which said writing is lost and destroyed, by reason whereof the persons are unable to set it out by its tenor, but it is and then was in substance as follows: 'On or before the 20th day of August, 1895, I promise to pay John Bench or bearer seven dollars and fifty cents ($7.50), for value received, with interest from maturity at 10 per cent. until paid. (Signed) George H. Arnel.' With the intent to defraud the said George H. Arnel and one George Cravens, against the peace and dignity of the state of Arkansas." Another count in the indictment charged the

defendant with uttering and publishing the same instrument knowing it to be forged, and in that count the description of the instrument is the same as that set out in the first count. The evidence showed that the instrument claimed to have been forged was signed "G. H. Arnel." The defendant was convicted on both counts of the indictment, and after judgment appealed.

*S. W. Woods* and *J. C. Floyd* for appellant.

There was a variance between the allegations of the indictment and the proof, and the court erred in its instruction on the question. The variance was material. 8 Am. & Eng. Enc. Law, 505, e; 57 Mo. 205; 3 Gr. Ev. sec. 108; 1 *id.* secs. 63, 70; 2 C. & Ker. 57; 148 Ill. 504; 10 Neb. 590; 65 Mo. 490; 20 Ohio, 49; 58 Ark. 342; 3 Rice, Ev. sec. 119, *et seq.*; 1 Gr. Ev. secs. 56, 58; 32 Ark. 609.

*E. B. Kinsworthy*, Attorney General, for appellee.

The indictment set up the fact that the note was lost, and for this reason could not be set out by its tenor, but simply its substance. Had the indictment set out the note by its tenor, the variance would have been fatal; but as it was only set out in substance, the variance is not material. 1 Wharton's Prec. Ind. & Pleas. sec. 292; 79 Ind. 541; 15 Wend. (N. Y.) 53.

RIDDICK, J., (after stating the facts.) The judgment in this case must be reversed for the reason that the circuit court in our opinion erred in reading to the jury section 2086 of Sand. & H. Dig. The instrument alleged to be forged having been destroyed, it was set out in substance as signed "George H. Arnel." The evidence showed that it was signed "G. H. Arnel." On this point the circuit judge, as part of his charge to the jury, read the section above named, which is as follows: "When a written instrument, which is the subject of an

*Variance in describing lost instrument.*

indictment for forgery, larceny or other offense has been withheld or destroyed by the act or procurement of the defendant, and such destruction or withholding is alleged in the indictment and proved on the trial, a misdescription of the instrument is immateral." There was evidence tending to show that the instrument in question was destroyed by the defendant, but this section cannot apply in this case, for the indictment does not allege that the instrument was withheld or destroyed by the act of the defendant, and this statute applies only when such fact is both alleged in the indictment and proved on trial. The circuit judge probably overlooked the fact that such allegation was not contained in the indictment.

Materiality of variance.

The instrument, being destroyed, was not set out by its tenor, but by its substance only. It was therefore a question for the jury to say whether the name "G. H. Arnel" was intended by the defendant to stand for and represent "George H. Arnel," and whether it was in substance the same name. If so, there was no material variance. Bishop's New Crim. Pro. sec. 685, and cases cited.

There are decisions that hold that an allegation of the whole name and proof of initials will necessarily constitute a fatal variance, but most of these were made in cases where the instrument was set out by its tenor, and not by its substance, and the reasons on which they are based do not apply here.

Other questions were discussed by counsel, but in our opinion no other ground for reversal is shown. For the error indicated, the judgment is reversed, and the cause remanded.