TAYLOR v. STATE.

Opinion delivered October 8, 1904.

1. TRANSCRIPT ON CHANGE OF VENUE—SUFFICIENCY OF CERTIFICATE.—A certificate appended to a transcript on change of venue. that the instrument contains "a true, perfect and compared transcript of all papers and record entries in the case," is a substantial compliance with the statute requiring the clerk to certify that the instrument contained "a full transcript of the records and proceedings in the cause." (Sand. & H. Dig., § 2173.) Page 615.)

2. VARIANCE—IDEM SONANS.—Where the name of the accused in the original indictment appears as *Foshee*, and in the copy in the transcript furnished on change of venue as *Forshee*, the variance was immaterial. (Page 616.)

3. CONTINUANCE—TIME TO EMPLOY COUNSEL.—Where defendant was indicted on January 20, 1904, and was placed on trial on February 8, following, it was not prejudicial error to deny him a continuance on

the ground that he had been unable to obtain counsel in the county of trial, it not appearing that counsel employed by him from an adjoining county were unable to represent him properly. (Page 616.)

4.  SAME—SUFFICIENCY OF MOTION.—An allegation in a motion for continuance that defendant's counsel had not been able to make the investigation necessary "to prepare his case for trial," is insufficient, being merely the statement of a conclusion.   (Page 617.)

5.  JUROR—COMPETENCY.—A juror who testified on his *voir dire* that he had, from reading a newspaper, formed an opinion in regard to defendant's guilt which it would take evidence to remove, but that he could give defendant the same fair and impartial trial that he could if he had never seen the statement, was not incompetent. (Page 617.)

6.  APPEAL—HARMLESS ERROR.—Where the undisputed evidence in a prosecution for murder showed defendant to be guilty of murder in the first degree and the jury found him guilty of murder in the second degree, errors at the trial relating to the introduction of evidence, to the remarks of counsel, in the instructions of the court, and in the failure of the court to instruct properly the officer in charge of the jury, and also the jury, with reference to their conduct after submission of the case, were harmless. (Page 619.)

Appeal from Howard Circuit Court.

JAMES S. STEELE, Judge.

Affirmed.

*Feazel & Bishop, J. T. Cowling, J. S. Lake,* and *Scott & Head,* for appellant.

The transcript, in the change of venue, was defective, and the court had no jurisdiction.   Sand. & H. Dig. § 2173 ; 9 Ark. 472 ; *Ib.* 497 ; 36 Ark. 237 ; 49 Ark. 94.   It was error to permit the clerk of the circuit court of Sevier county to appear and amend the transcript.   36 Ark. 241 ; 36 S. W. 856 ; 65 How. Pr. 239 ; 28 Mich. 215 ; 23 Am. & Eng. Enc. Law (2d Ed.), 365.   The copy of the indictment in the transcript must be correct.   36 Ill. 290. The court erred in refusing a continuance.   62 Ark. 543 ; 13 S. W. 915 ; 74 S. W. 677 ; 1 So. 421 ; 23 So. 503 ; 28 N. E. 966-7.   The court erred in holding Clary a competent juror.   8 Rob. (La.) 535 ; 42 Tex. 377.   The court erred in stating, in the presence of the jury, that if a conspiracy was shown, the acts of one party

were the acts of all, because there was no evidence tending to show conspiracy. 32 Ark. 220; 59 Ark. 422; 163 U. S. 632. Defendant's brothers had a legal right to act in his defense. 8 Tex. App. 187; 18 N. W. 385; 15 S. W. 139. The court erred in refusing to allow appellant to show by witness Hudson that deceased carried a pistol. 22 S. W. 222; 13 So. 424; 16 N. W. 743; 61 S. W. 123; 81 S. W. 387-388. The court erred in permitting certain remarks and comments of the prosecuting attorney. 14 So. 141; 26 N. E. 377; 25 N. W. 302; 58 Ark. 140; 62 Ark. 537; 65 Ark. 475; 67 Ark. 365; 75 S. W. 584; 28 Am. Rep. 338. The court erred in its instructions to the jury. The fifteenth instruction was erroneous. 62 Ark. 286; 69 Ark. 189. It was error to refuse appellant's second prayer for instruction. 69 Ark. 189; 65 Ark. 404. It was likewise error to refuse appellant's twenty-second prayer. 55 S. W. 282-3. Likewise as to twenty-fourth prayer, see 58 Ark. 57; *Ib.* 544; 52 Ark. 45. As to No. 25, see: 60 Ark. 76; 45 Ark. 464. The verdict was bad because the jury were in custody of an officer not sworn as required by law. Sand. & H. Dig. § 2236; 56 Ark. 515; 16 N. E. 81; 38 Ill. 514; 27 N. E. 927; 14 S. W. 480; 65 Ky. 81; 68 Tenn. 225; 16 Wis. 333; 68 Ark. 401.

*George W. Murphy, Attorney General,* for appellee.

The evidence justifies the judgment. The jurors complained of were qualified. 66 Ark. 53.

WOOD, J. Appellant was indicted in the circuit court of Sevier county for killing one Dave Foshee, the indictment charging him with the crime of murder in the first degree. The venue was changed to Howard county, where appellant was tried and convicted of murder in the second degree, and his punishment fixed at seven years in the penitentiary.

1. When an order for change of venue shall be made, the statute requires that the clerk of the court in which the cause is pending "shall make out a full transcript of the records and proceedings in the cause, including the order of removal, the petition therefor, if any, * * * and shall immediately transmit the same, duly certified, under the seal of the court, to the clerk of the court to which the removal of the cause is ordered." Sandels & Hill's Digest, sec. 2173.

The appellant contends that the Howard circuit court did not acquire jurisdiction, as the certificate of the clerk of Sevier county only shows "a true, perfect and compared transcript of all papers and record entries in the case." The certificate of the clerk of Sevier county was a substantial compliance with the statute. "A true, perfect and compared transcript of all papers and record entries in the case" certainly embraces all that "a full transcript of the records and proceedings in the cause" contemplates, and fulfills every requirement of the statute as to the clerk's certificate.

2. But it is further contended that the certificate of the clerk is untrue because in the original indictment the name of the deceased appears as Dave Foshee, whereas in the copy in the transcript sent to Howard county it appears as Dave Forshee. The appellee moved to have the transcript corrected in this particular, and the court permitted the circuit clerk of Sevier county to appear in the Howard circuit court, and there amend the transcript by striking from the word "Forshee" the letter "r," making it read Foshee as in the original indictment. The appellant objected, and excepted to the ruling of the court permitting the clerk of Sevier county to amend the transcript in this way, and presents this as one of the grounds for reversal. We need not pass upon the question as to the place and manner in which the correction was made, for we regard the correction itself as wholly immaterial, "Forshee" and Foshee, in the opinion of a majority of us, come clearly within the doctrine of *idem sonans,* which renders a difference in the spelling of names immaterial so long as the pronunciation or sound remains substantially the same. 21 Am. & Eng. Enc. Law (2d Ed.), title "Names," p. 313; *Ruddell* v. *Mozer,* 1 Ark. 503; *Beneux* v. *State,* 20 Ark. 97; *Bennett* v. *State,* 62 Ark. 516.

3. The court did not abuse its discretion in refusing to continue the case. The appellant alleged that he had been unable to prepare his case for trial, and that he had, on account of his confinement, been unable to obtain counsel in Howard county until the day the case was set for trial there; that his counsel had not been able to make the investigation necessary to prepare his case for trial; and consequently he prayed that the case might be continued.

It appears that appellant was indicted on the 20th of January, 1904, and was not put upon trial until the 8th day of February, 1904. The record and brief filed here show that appellant had a distinguished array of counsel. No less than seven lawyers seem to have appeared for him. While he alleges that he was unable to employ counsel in Howard county until the day of trial, he does not allege that it was at all necessary to employ counsel in the county of Howard, in order to secure for him a fair trial, and, in the absence of an allegation and proof to that effect, we must conclude that the trial court found otherwise. For aught we find in the record to the contrary, the circuit court may have found that the appellant was represented by several able counsel from Sevier county, where the crime was committed, and adjoining the county where appellant was tried; and that the experience and practice of these attorneys in Howard county rendered the employment of local counsel unnecessary to secure for appellant all his legal rights. We do not know what reasons moved the court. But, in the absence of any showing to the contrary, we must assume that they were sufficient. The court must have concluded that from the 20th of January to the 8th of February, nearly three weeks, was time enough to enable appellant to prepare for his trial, notwithstanding his confinement, and there is nothing to the contrary in the record. The mere allegation in the motion for continuance that appellant's counsel "had not been able to make the investigation necessary to prepare his case for trial" is but the statement of a conclusion, and is not proof of a fact.

4. In the course of selecting the jury, J. W. Clary, on being examined as to his qualifications as a juror, testified:

"I have heard what the defendant is charged with, and have, from what I have seen in the newspapers only, formed an opinion in regard to his guilt or innocence. If I were selected as a juror, I would be governed by the evidence in the case. I was not acquainted with either the defendant or the deceased. I saw the newspaper article in the "Nashville News." It purported to detail the facts in the case, and from it I formed an opinion. Unless there was evidence introduced to contradict that statement, I would be governed by it. I don't see how it could fail to make an impression on my mind as to the guilt or innocence

of defendant, until I heard evidence to remove it. It would take evidence to remove it. I could go into the jury box, and give the defendant the same fair and impartial trial that I could if I had never seen the statement in the newspaper."

The court held the juror qualified, the State accepted him, but appellant challenged him, and excepted to the court's ruling.

T. J. Tolison, on examination as to his qualifications to serve as a juror, testified:

"I have formed an opinion as to the guilt or innocence of the defendant on what I read in the "Nashville News." It would not require evidence to remove that opinion. I could go into the jury box, and give the defendant the same fair and impartial trial that I could if I had never seen the statement in the News, or heard anything about the case. That statement would have no influence upon me. I still have the opinion that I formed. If no testimony were introduced, I would still have the opinion. It would require testimony to remove it; but I am sure it would not influence me in the least in arriving at a verdict."

Appellant submitted that the juror was disqualified, but the court ruled that he was qualified, and the State accepted him, Appellant then excused the juror, and excepted to the court's ruling.

During the selection of the jury appellant exhausted all his peremptory challenges.

The selection of these jurors in the manner indicated is urged as a reason for reversal. But, according to the doctrine announced by this court in *Hardin* v. *State,* 66 Ark. 53, where our own and other cases are reviewed, and the question is thoroughly discussed, there was no error in the ruling of the trial court holding the jurors qualified.

We have thus far disposed of all the objections presented by counsel which affect the integrity of the trial itself, and which, if tenable, could not be cured by the verdict of the jury.

Numerous other errors are alleged and insisted upon, relating to the introduction of evidence, the remarks of counsel, the instructions of the court, and the failure of the court to properly charge officer having jury in charge, and also the jury, with reference to their conduct after the case had been finally submitted. But, if error were found in the ruling of the court in

regard to these matters, it could not possibly prejudice the rights of appellant. For the competent and relevant testimony in the case, undisputed, shows appellant guilty of murder in the first degree.

Briefly stated, on behalf of the State, the proof tended to show that appellant and two of his brothers and a cousin met the deceased and his brother back of a store in the town of Lockesburg, Sevier county, and, without provocation from the deceased or warning to him, began firing upon him and his brother John with their pistols. John Foshee was killed on the spot, Dave Foshee ran, crying out "Murder!" and calling for help. They followed him for a distance of 250 or 300 yards, all the while shooting at him, until he had fallen, and, even after he had fallen, several shots were fired at him, the appellant firing one of the shots after deceased was down. Deceased was unarmed, and, according to some of the witnesses, stooped over, throwing his hand to his stomach, and then up in the air, indicating distress. At one time he turned around or almost around, and begged his pursuers not to shoot him any more. But they continued, one of them kicking him after he had fallen. One witness testified that they fired at deceased five or six times after he had fallen, and that appellant fired one of the shots.

The appellant himself testified that he did not open fire on the deceased until he saw him throw his hand to his "bosom, his vest or his pants or something," like he was going to draw a pistol ; and there was some evidence to corroborate the statement of appellant that deceased made a motion as if to draw a weapon before or about the time appellant opened fire on him. But the testimony that deceased ran, and continued to run and cried for help, and that he begged them not to shoot any more, and that they continued to shoot until deceased had fallen, and even after he had fallen, was undisputed. Also there was no proof whatever that deceased was armed.

Under these circumstances appellant cannot complain because the jury found him guilty of murder in the second degree, and assessed his punishment at seven years in the penitentiary. The Attorney General accounts for the leniency of the verdict by saying that "it cropped out dimly in the evidence that deceased was under indictment for the homicide of appellant's father, for

which his trial was to occur on the following day. This, doubtless the cause of the cruel tragedy, must have weighed heavily with a too sympathetic jury." Be this as it may, it is clear from the record that appellant was exceedingly fortunate in not receiving a much severer punishment, and he was in no wise prejudiced by any of the rulings of the learned trial judge.

The judgment is therefore affirmed.