### ZACHARY v. STATE.

Opinion delivered January 2, 1911.

1.  FORGERY—VARIANCE.—An indictment for forgery of a check for seven hundred dollars and for having uttered a forged check for that amount will not be sustained by proof of having forged a check for seven dollars or of having uttered a forged check for seven dollars. (Page 179.)

2.  SAME—JOINDER OF OFFENSES.—Kirby's Digest, § 2231, authorizing the offenses of forgery and uttering a forged instrument to be united in the same indictment, did not intend to permit the two offenses to be charged in the same indictment unless they grow out of the same transaction and relate to the same instrument. (Page 179.)

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; reversed.

*P. C. Barksdale,* for appellant.

The indictment is bad on its face, charging two separate and distinct offenses. 48 Ark. 94, 103.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

The two offenses, forgery and uttering forged paper, may now be joined in the same indictment. *Bell* v. *State* was decided before the enactment of this statute. Kirby's Dig. § 2231; 71 Ark. 82.

KIRBY, J. The appellant was convicted of forging and uttering a forged instrument in the Fort Smith District of Sebastian County upon the following indictment:

"The grand jury of Sebastian County, for the Fort Smith District thereof, in the name and by the authority of the State of Arkansas, accuse the defendant, Jessie Zachary, of the crime of forgery, committed as follows, towit: The said defendant, in the county and district aforesaid, on the 10th day of July, 1910, unlawfully, fraudulently and feloniously did forge and counterfeit a certain writing on paper purporting to be a bank check, which said bank check was in words and figures following, towit:

" 'American National Bank,

" 'Fort Smith, Ark., 7-10-1910.    $7.00.
" 'Pay to Jessie Zachary by order or order 700 dollars.
" 'No.                                Birk Brothers.'

"Which said bank check so unlawfully, fraudulently and feloniously forged and counterfeited by said defendant, Jessie Zachary, with the felonious intent then and there fraudulently and feloniously to obtain possession of the money, goods and property of Burke Brothers, a firm composed of M. C. Burke and James Burke, and the American National Bank of Fort Smith, Arkansas, a national bank doing business at Fort Smith, Arkansas, against the peace and dignity of the State of Arkansas.

"Second Count.

"The grand jury of Sebastian County, for the Fort Smith District thereof, in the name and by the authority of the State Arkansas, accuse the defendant, Jessie. Zachary, of the crime of uttering a forged instrument, committed as follows: towit: The said defendant, in the county and district aforesaid, on the 10th day of July, 1910, unlawfully, fraudulently and feloniously did pass, utter and publish as true to G. W. Farmer a

certain forged and connterfeited writing on paper purporting
to be a bank check, which said bank check was, in words and
figures, following:

> "'American National Bank,
>
> "'Fort Smith, Ark., 7-10-1910.   $700
>
> "'Pay to Jessie Zachary by order or order 7.00 dollars
>
> "'No.                                    Birk Brothers.'

"Which said forged and counterfeited writing on paper be-
ing then and there passed, uttered and published. as true by
said defendant, Jessie Zachary, to the said G. W. Farmer, with
the felonious intent then and there fraudulently and feloniously
to obtain possession of the money, goods and property of said
G. W. Farmer and said American National Bank of Fort Smith,
Arkansas, against the peace and dignity of the State of Ark-
ansas."

The defendant demurred to the indictment because it
charged two separate offenses, forgery of an instrument and ut-
tering or publishing an altogether different one. The demurrer
was overruled, and a plea of not guilty entered.

The evidence tended to show that appellant in July, 1910,
went to G. A. Farmer, a keeper of a grocery store in the sub-
urbs of Fort Smith, and asked him to cash a small check, tell-
ing him at the time that he would pay the balance he owed
on account, and that the check was signed by the same man
who had been giving him checks. The check was signed Birk
Brothers, and Farmer looked at it and thought it meant Burke
Brothers, and had him to indorse it, deducted the amount ow-
ing to him, and gave appellant the remainder in cash, something
over three dollars. The check was as follows:

> "American National Bank,
>
> "Fort Smith, Ark., 7-16-10.   $7.00

"Pay to Jessie Zachary by order or order mont 700 dollars.
No. 16 chke.                              "Birk Brothers."

A member of the firm and also a bookkeeper of Burke
Brothers· testified that the check was not issued by them nor
by their authority, and was, so far as they were concerned,
a forgery.

Appellant testified he had been at Farmer's store several
times, that he owed a small bill there, something like $3.50,

that he was there Saturday night before he was arrested, that he had been working for Mr. Burke two years, was driving wagon hauling sand for Burke Brothers when he was arrested; denied having written the check or the indorsement; that he had given it to old man Farmer; that he got any money from him in exchange for any difference between it and his account; said he still owed his account, and denied ever having seen the check before it was introduced in evidence in the justice's court.

The court instructed the jury to find defendant guilty on the first count "if you find from the evidence that he forged the check set out in the indictment and read to you in evidence," etc., and on the second count in the indictment if he "passed said check set out in the indictment read to you and introduced in evidence," etc. * * * "and at the time of so doing knew it to be a forged instrument, and so passed it to the said · G. W. Farmer," etc.

The jury returned a verdict of guilty on each count, and fixed the punishment at two years on each in the penitentiary. Defendant appealed.

It is difficult from this record to ascertain whether the appellant was charged with forging and uttering a forged check for seven hundred dollars or with forging a check for seven hundred dollars and uttering a forged check for seven dollars. If the former was the case, the check was set out fully and copied in each count of the indictment, showing it was for 700 dollars, and these figures and their amount were essentially descriptive of the instrument he was charged with having forged and uttered knowing it was forged. *McDonnell* v. *State,* 58 Ark. 248. He could not be convicted of either offense, as charged, by the production in evidence of the check showing only an amount of seven dollars, and the variance in proof was fatal.

If the latter was true, and it probably was, then the offenses were not properly joined in the same indictment, and the demurrer should have been sustained and the State required to elect upon which count it would proceed against appellant. Our statutes provide that an indictment must charge but one offense, except in cases mentioned in section 2231 of Kirby's

Digest. The offenses named in each of the subdivisions of this section may be charged in one indictment. The seventh subdivision reads "forgery and the uttering of forged instrument," which was added as an amendment to said section after this court had held the two offenses could not be charged in the same indictment. Is it the intention of this statute to permit the two offenses to be charged in the same indictment if they do not grow out of the same transaction and relate to the same instrument? We think not. The reason for permitting different offenses charged in the same indictment was to meet the proof and because they were of the same general character with the same mode of trial, and it fails in a case of this kind.

The language of the statute itself shows that it was not the intention to permit the offenses of forgery and uttering a forged instrument to be charged in the same indictment unless the charge of uttering the forged instrument related to the same instrument as charged forged. The expression "forgery and the uttering of forged instrument" means this as clearly as though it read "forgery and the uttering of the instrument forged," and it was error to overrule the demurrer. We do not notice the other errors complained of, since they will probably not occur again, and because the case must be reversed for those indicated, and remanded for a new trial.

Reversed.