## GODARD *v*. STATE.

### Opinion delivered July 3, 1911.

1. FORGERY—INDICTMENT—CLERICAL MISPRISION.—An indictment containing two counts, one charging forgery of a note signed by the officers of a society, and the other charging the uttering of such forged note, is not demurrable because of a variance in the seal of such society and the particular inscription thereon, as it will be presumed that there was a clerical error in copying the instrument. (Page 152.)

2. CONTINUANCE—CUMULATIVE TESTIMONY.—It was not an abuse of the trial court's discretion to refuse a continuance on account of the absence of a witness whose testimony would have been cumulative merely. (Page 153.)

3. FORGERY—EVIDENCE—RES GESTAE.—Where defendant was indicted for forgery of a note purporting to have been executed by the officers of a society, it was competent to prove that he collected and appropriated to his own use the money which the society had set apart for a certain purpose, and that, instead of using the money for this purpose, he forged the note in question. (Page 153.)

4. SAME—EVIDENCE.—On trial of defendant for forgery of a note purporting to have been executed by the officers of a society, it was competent to prove that defendant forged the name of a third person to a letter relating to the transaction of the note. (Page 153.)

5. APPEAL AND ERROR—HARMLESS ERROR—Where the testimony that defendant forged the note in question was overwhelming, a letter from the payee of the note to one of the officers of the society whose name was forged which expressed the opinion "that some one has been doing some underhanded work," while incompetent, was not prejudicial. (Page 153.)

6. INDICTMENT—VARIANCE—IDEM SONANS.—According to the rule that misspelling of names without changing the sound is immaterial, it is immaterial that an indictment spells a name as Vaughn while the evidence shows that the name is Vaughan. (Page 154.)

Appeal from Madison Circuit Court; *J. S. Maples*, Judge; affirmed.

*W. N. Ivie* and *J. P. Fancher,* for appellant.

1. The indictment charges two separate offenses, and the demurrer should have been sustained. 48 Ark. 94, 104; 97 Ark. 176. The words and figures in the two counts descriptive of the instruments are material, and show in the second count the uttering of a different instrument from the one charged in the first count to have been forged. 58 Ark. 248. Moreover, the second count shows on its face that the transaction constituting the offense took place in another State, and the court had no jurisdiction of the offense. 68 S. W. (Tex.) 988; 19 Cyc. 1391. The second count is also demurrable because it does not name any one to whom the instrument was uttered. 32 Ark. 609; 19 Cyc. 1410.

2. The court's refusal to grant appellant's motion for continuance to procure the attendance of the witness Pyatt, was an arbitrary abuse of discretion, whereby appellant was, without fault of his own, deprived of material testimony. 71 Ark. 180.

3. There was a fatal variance in the indictment and the proof, in that the indictment alleges the forgery of the name of W. C. Vaughn and the note offered in evidence purports to be signed by W. C. Vaughan. Appellant has the right to insist upon such certainty and precision in the indictment as will not mislead him in his defense, and as will relieve him of the danger of jeopardy for the same offense. 3 Rice on Evidence, § 119 *et seq.*; 58 Ark. 148-149; 32 Ark. 609; 62 Ark. 516; 71 Ark. 415; 97 Ark. 1; Underhill, Crim. Ev. 484 § 421. The rule *idem sonans* does not apply. 19 Cyc. 1403; 75 Ga. 155; 39 Tex. Cr. Rep. 534, 49 S. W. 356; 32 Ark. 609; 63 Ark. 488.

4. The court erred in admitting in evidence the two letters purporting to have been written by DeMoulin Bros. & Company to W. C. Vaughan. They contained mere *ex parte* statements, and were wholly incompetent as evidence against defendant. 81 S. W. 933 and authorities cited; 89 Ark. 471.

5. The burden was on the State to prove all the essential elements constituting the offense, the identity or nonexistence of the persons whose names were charged to be forged, that the signatures are not those of the persons they purport to be, and that they were made by defendant without authority.

19 Cyc. 1411. If there was any evidence that defendant was authorized to sign the instrument, it was the duty of the court to charge the jury to acquit, if they believed that defendant had authority. 19 Cyc. 1426; 22 S. W. 974; 12 S. W. 590.

*Hal. L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

1. The difference in the date of the institution of the lodge, as set out in the first and second counts, is immaterial. The seal was really no part of the instrument alleged to have been forged. It added nothing to the validity of the note. Not being properly a part of the instrument, nor necessary to its validity, it was not necessary to set it out in the indictment. 2 Bishop, Crim. Procedure § 410; 58 Ark. 242; 77 Ark. 543; 90 Ark. 123; 86 Ark. 126; 2 Bishop, New Cr. L. Proc. § 407; 14 O. St. 55; 53 Am. Dec. 652; 69 Ind. 485; 47 Ill. 152; 2 Scan. (Ill.) 301; 33 Vt. 261; 129 Va. 147; 38 N. W. 519; 108 Ind. 444; 94 Ark. 400.

2. This court will not reverse for failure to grant a motion for continuance unless there was a manifest abuse of discretion amounting to a palpable denial of justice and an arbitrary and capricious abuse of power. 26 Ark. 323; 54 Ark. 243; 41 Ark. 153; 51 Ark. 167; 67 Ark. 543; 34 Ark. 26; 70 Ark. 521; 71 Ark. 62; 76 Ark. 290; 94 Ark. 539; *Id.* 169.

3. The variance between the allegations and the proof is not material. Absolute accuracy in spelling names is not required. The rule *idem sonans* controls. 103 Ia. 368; 67 Ark. 543; 72 Ark. 613; 1 Ark. 503; 20 Ark. 97; 21 Am. & Eng. Enc. of L. 313.

McCULLOCH, C. J. Appellant was convicted of the crime of forgery under an indictment, which contained two counts, one for forgery and the other for uttering the forged instrument. In each count it is alleged that the names and signatures of W. C. Vaughn, T. J. Harp and Sam Ray, as trustees, and V. E. Ivie, as secretary of Clifty Lodge No. 551, Independent Order of Odd Fellows, of Clifty, Arkansas, were forged, and the same instrument was set forth in each count, save that the inscription upon the seal of the lodge in the first count shows that the lodge was instituted October 17, 1908,

and in the other count it shows that the lodge was instituted October 18, 1908. Said instrument alleged to have been forged was in words and figures as follows, as set forth in the indictment with the above specified difference in the two dates, towit:

"Clifty, Ark., Apr. 1, '09, Due Oct. 1, '09.    $31.75.

"Six months after date, we, or either of us, promise to pay to the order of DeMoulin Bros. & Co., Greenville, Illinois, thirty-one and 75-100 dollars, payable at the State Bank of Hoiles & Sons, Greenville, Illinois, value received, with interest from date at the rate of six per cent. per annum until paid. If this note is not paid when due, we agree to pay an attorney's fee of $5.00, if placed in the hands of an attorney for collection.

"By order of Clifty Lodge, No. 551, I. O. O. F.

"We hereby affix our signatures and the seal of Lodge, this 1st day of April, A. D. 1909.

    "Clifty Lodge         W. C. Vaughn,  ⎫
    "No. 551, I. O. O. F.  T. J. Harp,    ⎬ Trust.
(SEAL) "Instituted        Sam Ray        ⎭
    "Oct. 17, 1908,        V. E. Ivie, Secretary."
    "Clifty, Ark.

The defendant demurred to the indictment on the ground that different instruments were described in the several counts of the indictment. There was also a demurrer to the second count of the indictment, but inasmuch as appellant was acquitted under that count we need not discuss its sufficiency.

If the seal of the lodge and the particular form of the inscription thereon are material, which seems to be doubtful (*Holloway* v. *State*, 90 Ark. 123; *Teague* v. *State*, 86 Ark. 126), we think the difference in dates was a clerical error in copying the instrument into the indictment, and should be disregarded. Treating the instruments as the same, the two counts of the indictment respectively charged forgery and uttering the same forged instrument, which two offenses may, under the statute, be joined in the same indictment. Kirby's Digest, § 2231; *Zachary* v. *State*, 97 Ark. 176.

The evidence shows that appellant was a member of Clifty Lodge No. 551, Independent Order of Odd Fellows, and sometimes acted as assistant to the secretary. It also shows that

after the lodge decided to buy regalia from DeMoulin Bros. & Company, of Greenville, Illinois, appellant was authorized to make the purchase, and lodge warrants were issued aggregating the sum of $32.35 to cover the price; that the purchase was made, and that appellant collected the warrants, but, instead of paying the same over to DeMoulin Bros. & Company, executed the note in question without authority and without the knowledge of the trustees and other members of the lodge. Appellant did not testify in his own behalf, and introduced no testimony except that of several witnesses, which tended to show that, by reason of epileptic fits, to which he was subject, he was *non compos mentis,* and therefore incapable of committing the crime mentioned in the indictment. The evidence abundantly sustains the charge against him.

His counsel complains, in the first place, of the ruling of the court in refusing to grant a continuance to secure the testimony of Dr. E. C. Pyatt; but, as the testimony only related to appellant's mental condition, and was merely cumulative to that of numerous other witnesses, who testified on that subject, we cannot say that the court abused its discretion.

The State introduced testimony tending to show that the treasurer of the lodge drew a check on the Bank of Green Forest, payable to appellant or his order, for the amount of the lodge warrants, and that this check was indorsed and collected by appellant. This testimony was objected to, but we think it was clearly competent for the purpose of establishing the fact that appellant collected and appropriated to his own use the money which the lodge had set apart for use in purchasing the regalia, and that appellant, instead of using the money for this purpose, forged a note for the price. It was a part of the same transaction involved in the accusation against defendant, and was competent testimony for the purpose of proving appellant's guilt.

The State also introduced a mass of correspondence between DeMoulin Bros. & Company and appellant, among which was a letter purporting to have been written by LeRoy Vaughan, but which was proved to have been in fact written by appellant. The letters related to the purchase of the regalia and the execution of the note, and one of the letters,

signed by appellant, stated to DeMoulin Bros. & Company, in substance, that the lodge was closely pressed for money, and asked that a note payable in six months be accepted for the regalia. The letters were connected together, showing that it was a continuous chain of correspondence; and as there was proof tending to show that the letters to DeMoulin Bros. & Company were written by appellant, we are of the opinion that they were competent for the purpose of showing that appellant forged the instrument in question and delivered it to DeMoulin Bros. & Company.

The court permitted the State to introduce a letter written by DeMoulin Bros. & Company to W. C. Vaughan, dated October 1, 1909, which was about the date of the maturity of the note, and reads as follows:

"W. C. Vaughan, Clifty, Ark:

"Dear Sir and Brother:—Your letter of the 28th ult. received. In reply will state that there is a misunderstanding somewhere in the goods furnished your lodge some months ago were not paid for in cash. We hold note for $31.75. This note is dated April 1, 1909, due in six months, and signed by W. C. Vaughn, T. J. Sharp, Sam Ray, trustees, and V. E. Ivie, secretary. Under date of April 10 we received letter from I. B. Godard, stating that the lodge was closely pressed, and asking if it would inconvenience us to take a six months' note. We replied that this would be satisfactory to us, and we sent the note to be signed by the trustees. Under date of May the 3d, we received letter signed by LeRoy Vaughan, stating that the lodge had been delayed in having the note signed, owing to the absence of the trustees; that the note would be signed on the following Saturday. On May 11th we received the note. The envelope bears the return card of LeRoy Vaughan. A few days ago we received postal card from I. B. Godard, stating that he had been appointed paymaster for the lodge, and that we should send the note to the bank at Hindsville, with sight draft on him attached. According to our directory, there is no such bank, hence we shall hold the note for the present, especially since it appears that some one has been doing some underhanded work. The amount of note with interest to date is $33.70. We suggest that you see Mr. Godard, who can, no doubt, throw some light on this

matter.   Let us hear from you as soon as possible, so that we shall know just what course to pursue.

"Yours fraternally in F. L. T.

"DeMoulin Bros. & Co.,

"By H. C."

The letter was not competent testimony, as it represented correspondence between third parties, and no connection of appellant with it was shown.   We think, however, that it was not prejudicial, as the letter was only a recital of the other correspondence, which was properly introduced in evidence as before stated.   The statement in the letter that "it appears that some one has been doing some underhanded work" could not, we think, have had any prejudicial effect upon the minds of the jury.   It was, at most, only an expression of opinion, based upon the correspondence referred to, that something wrong had been done, without any intimation as to who had committed the wrong.   In view of the overwhelming testimony that appellant did, in fact, misappropriate the money of the lodge, and then forged the note, we are of the opinion that nothing prejudicial could have resulted from this statement in the letter.

It is also insisted that there was a variance in the proof as to one of the names signed to the forged instrument, that of W. C. Vaughan, which is spelled Vaughn in the indictment. According to the well established rule that misspelling of names without changing the sound is immaterial, we think that the variance was not fatal.   *Bennett* v. *State*, 63 Ark. 488; *Taylor* v. *State*, 72 Ark. 613.

We have examined the instructions which appear in the bill of exceptions, and are of the opinion that the case went to the jury upon correct instructions, and that no error was committed by the court in that respect.

The only defense which appellant pressed before the jury, that of his mental condition, as well as the other material matters involved in the charge, were submitted to the jury, and the evidence abundantly sustains the verdict, so the judgment is affirmed.