MOONEY v. STATE.

Opinion delivered March 10, 1919.

1. LARCENY — INDICTMENT — ALLEGATION OF OWNERSHIP.—In indictments for larceny, the allegation of ownership is material and must be proved as alleged.

2. SAME—INDICTMENT—VARIANCE.—Where the indictment in a larceny case named the prosecuting witness as "Fincher," and the evidence showed that his name was "Fancher," though he was also called "Fincher," there is no material variance.

3. NAMES—IDEM SONANS.—"Fincher" and "Fancher" *held* within the rule of *idem sonans*.

Appeal from Johnson Circuit Court; *J. H. Evans,* Special Judge; affirmed.

*G. O. Patterson,* for appellant.

The indictment alleges that the steer belonged to Grover *Fincher* but the proof showed that Grover *Fancher* owned it. The allegation of ownership is material and should be proved as alleged. 111 Ark. 462; 102 *Id.* 629; 73 *Id.* 32; 55 *Id.* 244; Kirby's Digest, § 2233. This section has no application where the correct name is not given. The variance is fatal. *Supra.* The court should have instructed the jury to find for defendant as requested. The names are not *"idem sonans."*

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

There is no variance. Witness first stated that his name was Fincher. On cross-examination he stated that it was Fancher. The names are *idem sonans* and the variance is not material. 105 Ark. 82; 100 *Id.* 149; 62 *Id.* 516; 72 *Id.* 613; 50 *Id.* 97; 57 Tex. Crim. 625; 34 S. C. 59; 13 Mo. 91; 52 Tex. Crim. 344; 91 Va. 808; 14 R. C. L. 207; 20 Ark. 97.

WOOD, J. The appellant was convicted of the crime of grand larceny on an indictment which charged him in apt words with stealing a calf, "the property of Grover Fincher."

The appellant duly appeals to this court, and the only question presented is whether or not the charge in the indictment is sustained by proof that the animal stolen was the property of Grover Fancher.

On direct examination the prosecuting witness testified, "my name is Grover Fincher," and on cross-examination he said, "my name is Fancher."

In indictments for larceny the allegation of ownership is material and must be proved, as alleged. *McLemore* v. *State,* 111 Ark. 402; *Wells* v. *State,* 102 Ark. 627; *Fletcher* v. *State,* 97 Ark. 1; *Merritt* v. *State,* 73 Ark. 32; *Blankenship* v. *State,* 55 Ark. 244.

The testimony of the prosecuting witness shows on direct examination that his name is "Fincher" and on cross-examination that his name is "Fancher." He is the same individual whether called "Fincher" or "Fancher." Although his name under the evidence was "Fancher," yet he was also called "Fincher," and under such circumstances there is no material variance between the allegation of ownership and the proof thereof.

Moreover, the majority of the court are of the opinion that there is sufficient similarity in the sound of the names "Fincher and Fancher" to bring the case within the well recognized doctrine of *idem sonans. Birones* v. *State,* 105 Ark. 82; *Godard* v. *State,* 100 Ark. 149.

In 14 Ruling Case Law, p. 207, sec. 51, it is said: " * * * where the name as written in the indictment may be pronounced in the same way as the name given in the evidence, although such may not be the strictly correct pronunciation, the variance will not be regarded as fatal, unless the variant orthography be such as would be likely to mislead the defendant in preparing his defense."

The difference in spelling could not have misled the appellant in the preparation of his defense.

The judgment is, therefore, correct, and it is affirmed.

McCULLOCH, C. J., (concurring). I concur in the judgment for the reason that the testimony is sufficient to warrant the finding that the name of the owner of the stolen property is Fincher, as charged in the indictment, and not Fancher—at least that he was known by that name—and there was no variance between the allegation and proof. *Bennett* v. *State,* 84 Ark. 97; *Woods* v. *State,* 123 Ark. 111. I do not agree, however, to that part of the opinion which holds that the name Fincher and

Fancher have the same sound so as to be, in effect, the same in the indictment and in the proof. Where the variance occurs merely in the spelling of the name it is immaterial. Such is the effect of decisions' of this court in *Rector* v. *Taylor,* 12 Ark. 128, where it was held that the name Gardner and Gardnier have the same sound; the decision in *Seman* v. *Hill,* 7 Ark. 70, where it was held that Gravier and Gravaier have the same sound; in *Ruddell* v. *Mozer,* 1 Ark. 503, where Mozer, Mausuer and Monseuer were held to have the same sound, and in *Power* v. *Woolley,* 21 Ark. 462, where Woolley and Wolley were treated as having the same sound; in *Beneux* v. *State,* 50 Ark. 97; where Bennaux and Beneux were held to be the same; in *Bennett* v. *State,* 62 Ark. 516, where Watkins and Wadkins were held to be the same; in *Taylor* v. *State,* 72 Ark. 613, where Foshee and Forshee were held to be the same; in *Godard* v. *State,* 100 Ark. 149, where Vaughn and Vaughan were held to be the same; and in *Birones* v. *State,* 105 Ark. 82, where Nowlin and Nolan were held to have the same sound. On the contrary, the court held in *State* v. *Williams,* 68 Ark. 241, that the names Hite and Hyde do not have the same sound; and in *Woods* v. *State, supra,* that the names Wood and Woods are not of the same sound.

Fincher and Fancher do not sound alike though there is enough similarity possibly to cause confusion among acquaintances as to correct name of the individual so called. Such was the case in this instance and Fancher was known by the name of Fincher. That being so it was not a fatal variance to mention him in indictment under the name of Fincher if the proof showed that he was known by that name even though it was not his true name.