CHARLES EUGENE HENSON v. STATE OF ARKANSAS

5516                    5516                455 S. W. 2d 101

Opinion delivered June 15

*Thomas Pitts,* for appellant.

*Joe Purcell,* Attorney General; *Milton Lueken,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant Charles Eugene Henson was convicted of burglary and grand larceny. He was also found guilty of violation of the habitual criminal statute. The jury fixed his punishment at six years for burglary and at four years for grand larceny. On appeal it is urged (1) that Instruction No. 10 was prejudicial; (2) that the State's evidence of a previous conviction was insufficient; and (3) that Henson was entitled to a directed verdict for insufficiency of the evidence.

Because of the attack on the sufficiency of the evidence we shall summarize somewhat in detail the State's proof. (The defense offered no testimony.) On the night of September 3, 1969, Ike Hall parked and locked his car and walked two blocks to the sports arena in Fort Smith to attend the night's program of wrestling. Russell Howell, a funeral home employee, left the wrestling matches about nine o'clock and walked near the parking lot. At that point he observed three white boys acting suspiciously. When he approached and asked them to stop they ran away. At the trial he was unable to identify either them or the object one of them was carrying, but said he did observe that the object resembled a tape recorder.

Mr. Howell returned to the arena and reported the incident. An announcement was made to the audience and that was how the prosecuting witness learned his car has been burglarized. Officer John Etter was on patrol and observed a car driving in a reckless manner. That was about nine-thirty o'clock. The officer caused the vehicle to be stopped. While checking the driver's license Officer Elkins observed appellant lean over and try to cover a stereo tape player located on the floor of the back seat. The officer contacted headquarters and ascertained that such a player had been reported stolen,

whereupon the boys were taken to the police station. The prosecuting witness had already arrived at the station and he witnessed the officer bring the three young men into the station and also identified the tape player as being his property. (Mr. Hall had recorded the model and serial number of his player.) At the trial Officer Elkins identified Charles Eugene Henson, David Selman, and Carl Ray Elkins, as being the persons he apprehended in possession of Howell's tape recorder. Selman and Elkins, having entered pleas of guilty, testified for the State and implicated appellant.

In attacking the sufficiency of the evidence to support the verdict, appellant says that absent the testimony of the accomplices there is nothing more than a suspicion that appellant was guilty. In felony cases a defendant cannot be convicted upon the testimony of an accomplice "unless corroborated by other evidence tending to connect the defendant with the commission of the offense." Ark. Stat. Ann. § 43-2116 (Repl. 1964); *Froman* v. *State*, 232 Ark. 697, 339 S. W. 2d 601 (1960). When we eliminate the testimony of the accomplices in order to test the remainder of the evidence, we find no difficulty in concluding that the other evidence established the commission of the crime and standing alone made a jury question of this appellant's connection therewith.

We now consider Instruction No. 10, which appellant urges was prejudicial. That instruction first advised the jury of the forms of verdicts, both as to a finding of guilty or not guilty; of course the forms contained no provisions for punishment because that phase of the case would be considered separately in the event a verdict of guilty was returned. Then the instruction concluded with this sentence: "When you return either of those verdicts into court, then you may or may not have another verdict to consider." Appellant complains that the quoted language "told the jury that the defendant had heretofore been convicted of a previous offense." That interpretation is clearly without any reasonable basis. Apparently the court was trying to

explain to the jury, in an impartial manner, the absence of any provision in the form of verdict for the fixing of punishment, which only recently had been changed. Ark. Stat. Ann. § 43-2330.1 (Supp. 1969). Of course the explanation was really not necessary and was of dubious value; however, we in nowise interpret it as telling the jury that appellant had been previously convicted. Additionally there was no objection by appellant's trial attorney to the wording of the instruction.

Appellant's final point concerns his conviction as an habitual criminal. The State introduced a certified copy of a judgment and sentence from the circuit court of Pope County, Arkansas. It was styled "State of Arkansas vs. Charles Haggard a/k/a Charles Henson." The text of the judgment carried the same designation. Appellant contends that the recited evidence of prior conviction was insufficient to show that he is one and the same person as the defendant who was convicted in Pope County.

It is provided by statute that the certified copy of a record of former conviction and judgment against the person indicted may be introduced in a subsequent trial of that party; and that it shall be prima facie evidence of a prior conviction and judgment of imprisonment. Ark. Stat. Ann. § 43-2330 (Repl. 1964). It is true that Pope County records showed that the defendant there was known by two names; however, that fact did not destroy the efficacy of the document for the jury's consideration. It recited that a person known as Charles Henson had lately been convicted of a felony in a neighboring county. We have previously pointed out that "there is nothing to prevent a defendant from tendering proof to the effect that he is not the person referred to in the record." *Higgins* v. *State*, 235 Ark. 153, 357 S. W. 2d 499 (1962). As a practical matter appellant could have easily rebutted the evidence, if it was incorrect, without personally taking the witness stand. We are unable to say that the jury's finding of

a previous conviction is not supported by substantial evidence.

Affirmed.