Cletes ESTES and Mitchell COLBURN
*v.* STATE of Arkansas

CR 75-99                                     528 S.W. 2d 138

Opinion delivered October 6, 1975

*Seay & Templeton*, for appellants.

*Jim Guy Tucker*, Atty. Gen., by: *Terry Kirkpatrick*, Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellants Cletes Estes and Mitchell Colburn were found guilty of having delivered a controlled substance, dl-Amphetamine, contrary to Ark. Stat. Ann. § 82-2617 (Supp. 1973). The jury fixed their sentences at 12 years in the Department of Correction, but upon a motion for new trial the sentences were reduced to ten years. Both appellants contend that the trial court erred in overruling their motion for new trial. In addition, appellant Estes contends that the verdict is against a preponderance of the evidence and that the trial court erred in permitting the State to refer to a sale of marijuana.

1. The trial court's order overruling the motion for new trial and reducing the punishments from 12 to 10 years recites as follows:

"That during the course of the trial, and particularly during an in chambers discussion of the appropriate jury charge regarding the penalty to be assessed in the

event of a finding of guilt of the Defendant by the jury, a conflict arose between the State and Counsel for the Defendant as to the penalty provided by *Arkansas Statutes Annotated, Section 82-2617* for the sale of DL Amphetamines; that a representative of the Arkansas State Health Department was called to the chambers and specifically asked what classification had been placed on the sale of DL Amphetamines; the representative from the State Health Department stated that DL Amphetamines had been placed in a schedule which contained and provided a penalty of confinement of not less than five (5) years nor more than thirty (30) years, or a fine of not more than Twenty-Five Thousand Dollars ($25,000.00), or both; that the Court, the Prosecuting Attorney and the attorney for the Defendant accepted such statement made by the said State Health Officer and the Jury was so instructed. After deliberation, the jury returned a verdict finding the Defendant guilty of the offense charged and fixing his punishment at twelve (12) years in the Arkansas State Penitentiary. That subsequent to such verdict, the attorney for the Defendant determined and advised the Court that the jury had been mis-instructed as to the proper penalty provided by law, and duly filed his Motion for a new trial. Further, the Court finds that no timely objection was made by the attorney for the Defendant to the instruction as given by the Court and that pursuant to the provisions of *Arkansas Statutes Annotated Section 43-2308* the Court is bound only to enter Judgment and pronounce sentence according to the highest limit prescribed by law for the particular offense; the Court further finds that the proper penalty for the offense for which the Defendant was being tried is confinement for a period of not less than three (3) years and not more than ten (10) years, or a fine of not more than Fifteen Thousand Dollars ($15,000.00), or both, and therefore the Court should reduce the penalty assessed against this Defendant by the jury from twelve (12) years to ten (10) years in the Arkansas State Penitentiary and the Motion filed herein should be denied."

The trial court was incorrect in holding Ark. Stat. Ann.

§ 43-2308 (Repl. 1964), applicable to the situation here involved. Here the error in the classification of the crime by the trial court applied to both the minimum and maximum penalties under the law, and since the jury arrived at neither the minimum nor the maximum as given by the trial court's instructions, the only manner in which all prejudice to the appellant can be removed, beyond any doubt, is by reducing the penalty to the minimum prescribed by law. See *McConahay* v. *State,* 257 Ark. 328, 516 S.W. 2d 887 (1974). Should the Attorney General, within 17 days, elect to consent to a reduction of the sentence to the minimum of three years, the judgment will be affirmed as modified. Otherwise, the judgment must be reversed and the cause remanded for new trial.

The State, to sustain the action of the trial court in reducing the sentence to the highest allowed by law, suggests that, in the absence of an objection to the trial court's instruction, the trial court did not commit error. However, the trial court's order reflects that counsel made their position known and that, in effect, the trial court permitted the State's expert witness, who professed to be an expert on the classification of drugs, to overrule the appellant's objections. Consequently, the State's position is not well taken.

2. Appellant Estes' contention that the evidence is insufficient to convict him has no merit. The proof on the part of the undercover agent was that when Carl Taylor asked if Colburn and Estes had some "White-Cross," Cletes Estes then said they had some and asked the undercover agent if he wanted some. Of course, that evidence together with the evidence that Estes and Colburn were together when the delivery was made was sufficient to sustain the conviction, if the jury believed such evidence.

3. The trial court did not err in admitting in evidence the fact that Estes told the undercover agent that he and Colburn would have some marijuana later in the week. Such evidence was permissible to show that Estes was dealing in drugs in general.

Affirmed as modified, if the Attorney General enters a

consent to the reduction within 17 days. Otherwise, reversed and remanded.