James LEGGINS *v.* STATE of Arkansas

CR 79-178                           590 S.W. 2d 22

Opinion delivered December 3, 1979
(In Banc)

*John W. Achor,* Public Defender, by: *Sandra Beavers,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. One James Leggins was convicted in the Pulaski County Circuit Court of two counts of aggravated robbery. The jury found he was an habitual criminal, having two prior convictions, and he was sentenced to 30 years imprisonment on each count, the terms to be served consecutively.

The sole argument of error on appeal is that the trial court erred in permitting evidence of a prior conviction of one JAMES LIGION to be submitted to the jury as a prior conviction of this defendant who was named JAMES LEGGINS in the information.

We agree this was error which requires us to reverse the judgment.

A Mississippi County conviction, submitted to the jury as a prior conviction, read JAMES LEGGINS. To this conviction there was no objection. A Crittenden County Circuit Court conviction read JAMES LIGION. The only evidence of this conviction was simply a certified copy of the judgment and an order of commitment offered by the State with no explanation. The judge permitted it to go to the jury as evidence of a previous conviction of the appellant. There was no reference to an alias in any of the documents. Leggins' counsel objected to the Crittenden County conviction being admitted but the trial court permitted it noting that the variation in spelling was a matter of weight to be attached to the document and not one affecting its admissibility.

The prosecuting attorney argued to the jury that the two documents of previous convictions were uncontradicted, introduced in good faith by the State, allowed as evidence by the trial court as convictions of Leggins; none of this was rebutted by any evidence from the defendant. .

On appeal the State argues the jury had other evidence which could justify their finding that JAMES LEGGINS and JAMES LIGION were the same person.

A waiver of rights form was signed by this defendant as JAMES LEGGION. So was his statement. These documents were introduced during the trial of the case but were not referred to during the sentence phase of the trial. However, we have to assume that the jury had the benefit of this evidence when it found that the appellant had two previous convictions.

Was the jury's finding, that this defendant, charged as

JAMES LEGGINS, is the same person as one convicted in Crittenden County Circuit Court, charged as JAMES LIGION, supported by substantial evidence? We think not.

Proof of previous convictions is governed by Ark. Stat. Ann. § 41-1003 *et seq.* (Repl. 1977). The jury, or the trial judge sitting as a jury, hears evidence on this issue after the trial. A previous conviction must be proved by " . . . any evidence that satisfies the trier of fact beyond a reasonable doubt . . . . " Ark. Stat. Ann. § 41-1003.

The following are sufficient to support such a finding:

(1) The jury shall first hear all evidence relevant to the felony with which defendant is currently charged and shall retire to reach a verdict of guilty or innocence on this charge.

(2) If the defendant is found guilty of the felony, the same jury shall sit again and hear evidence of the defendant's previous felony convictions or previous findings of the defendant's guilt of felonies. Defendant shall have the right to hear and controvert such evidence and to offer evidence in his support.

(3) The jury shall retire again, and if it finds that the defendant has previously been convicted or found guilty of two [2] or more felonies, the jury shall consider the previous convictions or findings of guilt in determining the sentence to be imposed for the felony of which the defendant currently stands convicted. Ark. Stat. Ann. § 41-1005.

A defendant may controvert such evidence and offer evidence to rebut the State's. Ark. Stat. Ann. § 41-1005. However, the burden remains on the State at all times to prove such convictions beyond a reasonable doubt.

The prosecuting attorney offered no evidence that this defendant was JAMES LIGION. He referred to the State's good faith, the judge's action in permitting the document to be admitted and the fact that the defendant could prove it

was not he, if that was the case.

We cannot stretch LEGGINS to be the same as LIG-ION. Nor can we stretch LEGGION to be LIGION. The doctrine of *idem sonans,* which is that absolute accuracy in spelling names is not required if the names, though spelled differently, sound practically identical, cannot work to support the jury's findings.

Some cases applying that doctrine support our conclusion. In *Woods* v. *State,* 123 Ark. 111, 184 S.W. 409 (1916), we held "Woods" was not the same as "Wood", commenting that the "s" at the end of a name is not silent and that the two names were not identical under the doctrine of *idem sonans.* In another case, "Jeffery" and "Jeffries" were not *idem sonans. Marshall* v. *Jefferies,* Fed. Cas. No. 9, 128(a) Hemp. 299 (Super. Ark. 1836).

On the other hand, "Vaughn" and "Vaughan" were held to be identical. *Goddard* v. *State,* 100 Ark. 149, 139 S.W. 1121 (1911). "Forshee" and "Foshee" were held as *idem sonans. Taylor* v. *State,* 72 Ark. 613, 82 S.W. 493 (1904).

The State argues on appeal that LEGGINS, or whatever his name is, signed an affidavit of indigency as LIGG-ION, but the State concedes this evidence was not presented to the jury.

We have commented on the failure of a defendant to rebut the State's proof, but those cases involved very minor variations in spelling. In *Higgins* v. *State,* 235 Ark. 153, 357 S.W. 2d 499 (1962), Lawrence John Higgins complained that the FBI document of previous convictions of one "Lawrence Higgins, also known as Lawrence John Higgins," was erroneously submitted as evidence of a prior conviction. We had no problem in finding that Higgins' argument was without merit. In *Henson* v. *State,* 248 Ark. 992, 455 S.W. 2d 101 (1970), Charles Eugene Henson was the named defendant. The previous conviction was of one "Charles Haggard, A/K/A Charles Henson." We also found an objection to this evidence to be without merit. In both the *Higgins* and *Hen-*

*son* cases we commented that the defendant could have easily offered some proof to support the claim of mistake. However, in the *Higgins* case we adopted the rule that if the State offered evidence of a previous conviction of one of the same name, then a *prima facie* case was made of a previous conviction. That is sound law substantially incorporated in Ark. Stat. Ann. § 41-1003. But in both of these cases the name was the same or substantially the same. That is not true in this case.

The State charged Leggins as the defendant in this case and without any other evidence offered, the jury found a conviction of a man named Ligion to be the same person. The names are not the same, are not pronounced the same and the jury would have to presume that the people were the same. There is no substantial evidence to support this finding.

Undoubtedly our decision would be different if the affidavit of indigency had been submitted to the jury because there is not that much difference between LIGGION, as the defendant signed his name in that form, and LIGION, as the Crittenden County Circuit Court conviction read.

Because this error relates to a previous conviction, we treat the matter as we did in *McConahay* v. *State,* 257 Ark. 328, 516 S.W. 2d 887 (1974). The sentence is reduced to 10 years imprisonment. If the State, through the Attorney General, desires to accept the reduction within seventeen calendar days, the judgment is affirmed as modified. Otherwise, the judgment is reversed and remanded.

Affirmed as modified.

HARRIS, C.J., not participating.