Larry W. STEFFEN *v.* STATE of Arkansas

CR 79-130                                    590 S.W. 2d 302

Opinion delivered December 17, 1979

*John W. Achor,* Public Defender, by: *William H. Patterson, Jr.,* Chief Appellate Attorney.

*Steve Clark,* Atty. Gen., by: *Dennis R. Molock,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Larry W. Steffen was found guilty of aggravated robbery and theft of property exceeding $2,500 in value. Pursuant to the Habitual Criminal Statute the jury fixed his punishment at 50 years on the aggravated robbery charge and 30 years on the theft charge. The trial court directed that the sentences should run consecutively. For reversal appellant makes the following contentions:

"I. Trial court erred in failing to hold the prosecutor to the bargain made with the appellant in return for his cooperation done in good faith.

II. Trial court erred in failing to grant a mistrial requested due to the highly prejudicial remarks made by the prosecutor in closing argument.

III. Trial court erred in sentencing phase when Contra to Arkansas Statutes Ann. § 41-1001, three (3) single

offenses were counted as multiple convictions for purposes of the Habitual Offenders Statute.''

POINT I. Appellant contends that he was told by the prosecuting attorney's office that if he cooperated with the officers in clearing up some crimes in Pulaski County there would be no less than 7 nor more than 10 years on the charges here made against appellant. Lloyd Haynes, deputy prosecuting attorney admits that without the benefit of the office file, he had a conversation with appellant in which he discussed seven to ten years. However, Lloyd Haynes says that he did not recall discussing the fact that appellant was charged as a habitual offender or whether he even knew that appellant was charged as a habitual offender. At the time he did not consider his statements to appellant as being a binding agreement. Appellant did advise Haynes that appellant would ''fill up the jail.''

Jim King with the Arkansas State Police, who was with appellant when he had the telephone conversation with Lloyd Haynes, testified that the number seven was mentioned but that he did not know whether the appellant or Haynes suggested it. Officer King further testified that Haynes stated appellant would be charged as a habitual offender. Upon cross-examination, King stated that Haynes had said that as soon as the burglaries were ''cleared up'' by appellant the aggravated robbery charge would be discussed. Appellant, Officer King, and Haynes were the only witnesses to the telephone conversation which is alleged to have resulted in the agreement between the prosecutor's office and the appellant.

The burden of proof on appeal is upon appellant to show the existence of any agreement. *Hammers* v. *State,* 261 Ark. 585, 550 S.W. 2d 432 (1977). Although *Hammers* involved an immunity agreement rather than a plea bargain, the essential issue concerned negotiations and an exchange of promises. The determination of the existence of a valid agreement between the state and the defendant is a matter within the sound judicial discretion of the trial court, *Hammers, supra,* and the trial court's finding as to the existence of the agree-

ment should not be reversed upon appeal absent an abuse of discretion.

It is evident that the testimonies of the three witnesses conflict on the essential question of whether the seven year figure was an exact and binding one or simply an estimate. There is also disagreement as to whether the validity of the agreement was contingent upon appellant first clearing up the unsolved burglaries. Weighing the evidence in the light most favorable to the appellee, it cannot be said that the terms of the purported agreement were established with such exactness that failure to find the existence of an agreement was an abuse of discretion.

POINT II. Appellant's next contention is based upon the following excerpt taken from the prosecutor's closing argument:

". . . So there's no doubt what the verdict should be here, ladies and gentleman. He's guilty of aggravated robbery. At this time you're only required to go out and find guilty or not guilty on the robbery and the theft. And, when you come back in, we can talk about sentence."

These remarks, says appellant, were a 'dead give-away" to the "seasoned" jurors that this was to be a bifurcated trial, thus indicating that appellant had prior convictions and resulting in prejudice to him. Appellant did not voice his objection, however, until closing arguments had been completed. The proper time for the objection was immediately following the remarks. *Jones* v. *State,* 248 Ark. 694, 453 S.W. 2d 403 (1970). See also *Shipp* v. *State,* 241 Ark. 120, 406 S.W. 2d 361 (1966). Telling the jurors that they may or may not have further proceedings under similar circumstances has been held without error in absence of objection, *Henson* v. *State,* 248 Ark. 992, 455 S.W. 2d 101 (1970).

POINT III. The appellant's third and final contention goes to the sentencing portion of the trial. The prosecution was allowed to introduce evidence to the jury of three prior burglary convictions against appellant. One of the convic-

tions included aggravated robbery as well as burglary. Another conviction included kidnapping and aggravated robbery as well as burglary, and one conviction was for burglary alone.

Ark. Stat. Ann. § 41-1001 (3) (Repl. 1977) provides, in pertinent part:

> "(3) For purposes of determining whether a defendant has previously been convicted or found guilty of two (2) or more felonies, a conviction or finding of guilt of burglary and of the felony that was the object of the burglary shall be considered a single felony conviction or finding of guilt. . . ."

The trial court, over defendant's objections, allowed the offenses to be counted as six separate convictions for purposes of sentencing under the Habitual Criminal Statute, Ark. Stat. Ann. § 41-1001 (Repl. 1977). The jury subsequently assessed appellant's sentence at fifty years on the aggravated robbery charge and thirty years on the theft charge.

Appellant maintains that under Ark. Stat. Ann. § 41-1001 (3) (Repl. 1977), the prior convictions should have been counted as three rather than six. It is the State's position, on the other hand, that the appellant made no attempt to offer proof that the attending felonies were indeed the objects of the burglaries. However, Ark. Stat. Ann. § 41-1001 (Repl. 1977) is a penal statute and is therefore to be strictly construed. *McConahay* v. *State,* 257 Ark. 328, 516 S.W. 2d 887 (1974). The burden, then, was upon the prosecution to offer proof showing that the attending felonies were *not* the objects of their respective burglaries. Its failure to so do required the prior convictions to be counted as three pursuant to Ark. Stat. Ann. § 41-1001 (3) (Repl. 1977). There is no doubt that appellant was prejudiced by counting his previous convictions as six rather than three. If the count had been three the sentencing range for the aggravated robbery charge would have been ten years to fifty years rather than fifty years to life [Cf. Ark. Stat. Ann. § 41-1001 (1) (a) (Repl. 1977) and § 41-1001 (2) (a)], and the sentencing range on the

theft charge would have been five years to thirty years rather than twenty years to forty years [Cf. Ark. Stat. Ann. § 41-1001 (1) (b) (Repl. 1977) and § 41-1001 (2) (b)].

This court has on previous occasions under similar circumstances reduced the appellant's sentence to the minimum prescribed by law. See *McConahay* v. *State, supra.* Accordingly, appellant's sentence shall be reduced to ten years on the charge of aggravated robbery and five years on the theft of property charge with the sentences to run consecutively unless the State objects to the reduction within 17 calendar days after this opinion becomes final. In the event the State objects to the reduction, the conviction will stand as reversed.

Affirmed on condition of remittitur.

Harris, C.J., not participating and Fogleman, J., would affirm. .