Carl ELLIS *v.* STATE of Arkansas

CR 80-61                 603 S.W. 2d 891

Supreme Court of Arkansas
Opinion delivered September 15, 1980

*Gibson Law Office*, by: *Charles S. Gibson*, Dermott, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., Little Rock, for appellee.

FRANK HOLT, Justice. A jury found appellant guilty of aggravated robbery in violation of Ark. Stat. Ann. §§ 41-2102 and 41-2103 (Repl. 1977). At the bifurcated trial, on the issue of being a habitual criminal, the state introduced a previous conviction for burglary and theft of property. The jury then found he had been previously convicted of these alleged prior felonies. His punishment, as a habitual offender, was assessed at 15 years' imprisonment. Appellant contends the court erred in allowing the introduction of his previous conviction of burglary and theft of property as evidence of two separate prior felonies.

The state acknowledges this was error and we agree. Ark. Stat. Ann. § 41-1001 (3) (Repl. 1977) provides in pertinent part:

For the purpose of determining whether a defendant has previously been convicted or found guilty of two [2] or more felonies, a conviction or finding of guilt of burglary and of the felony that was the object of the burglary shall be considered a single felony conviction or finding of guilt . . .

The burden is on the prosecution to offer proof that the attending felony is not the object of the burglary. *Steffen* v. *State*, 267 Ark. 402, 590 S.W. 2d 302 (1979). Here no such proof was shown by the state. Therefore, appellant's prior conviction of burglary and theft can only be counted as one offense. One prior offense, as here, will not support an enhanced sentence. § 41-1001 (1).

However, such an error does not necessarily mandate a new trial. We have reduced the sentence in lieu of reversing and remanding for a new trial. *Steffen* v. *State, supra; McConahay* v. *State,* 257 Ark. 328, 516 S.W. 2d 887 (1974). The authority of this court to reduce a sentence on appeal was discussed at length in *Collins* v. *State,* 261 Ark. 195, 548 S.W. 2d 106 (1977), cert. denied 434 U.S. 878 (1977). See also *Clark* v. *State,* 246 Ark. 876, 440 S.W. 2d 205 (1969); *Wilburn* v. *State,* 253 Ark. 608, 487 S.W. 2d 600 (1972); *Abbott* v. *State,* 256 Ark. 558, 508 S.W. 2d 733 (1974); *Estes & Colburn* v. *State,* 258 Ark. 597, 528 S.W. 2d 138 (1975); *Caton & Headley* v. *State,* 252 Ark. 420, 479 S.W. 2d 537 (1972); Ark. Stat. Ann. § 27-2144 (Repl. 1979); and Ark. Stat. Ann. § 43-2725.2 (Repl. 1977).

Here the jury had found the appellant guilty of aggravated robbery before hearing any evidence in the bifurcated proceeding with respect to the alleged felonies, which evidence, as indicated, constituted error. The sufficiency of the evidence as to aggravated robbery is not questioned. Therefore, to avoid any possibility of prejudice to the appellant, we reduce his sentence to 5 years, the minimum for aggravated robbery, unless the state objects within 17 calendar days after this opinion becomes final. Should the state object, the judgment is reversed and the cause remanded.

Affirmed upon acceptance of modification.

HICKMAN, J., concurs in parts and dissents in part.

DARRELL HICKMAN, Justice, concurring in part, dissenting in part. I agree that the conviction has to be reversed. However, the majority is reducing the sentence, in effect. In that regard I disagree. The court has taken the position that it has no authority to reduce a sentence except in certain instances. It can reduce a sentence in a capital punishment case. *Collins* v. *State,* 261 Ark. 195, 548 S.W. 2d 106 (1977). Where a legal error has been made and it can be corrected without prejudice by reducing a sentence, a reduction can be made.

While I feel this court has the appellate authority to so

act, I do not presume that this power ought to be exercised in every instance.

First of all, Arkansas has placed the responsibility for sentencing criminal defendants with the jury and the trial judge. While, in my judgment, that procedure is flawed, it is still the law and we should essentially respect it. The reduction in this case does not take into consideration either the sentiments of the judge or jury — it presumes those sentiments. It presumes that the prosecuting attorney, acting for the State of Arkansas, will decide if the proposed reduction ought to be accepted or the defendant retried. The offense in this case involves one of the most serious criminal offenses, aggravated robbery. The evidence was not disputed that a loaded gun was used and that at least one of the witnesses feared for her life. This is not the sort of crime where I think that we ought to presume the minimum sentence would be appropriate; that leaves only a retrial as an alternative.

The majority states that the defendant will not be prejudiced by the reduction. That is not exactly correct because who can say he would have received five years' imprisonment. I would concede that it is not likely the defendant would have been released on probation or received a lesser term than five years, but I cannot presume, as the majority does, that he would not have received such a sentence. The minimum sentence is not five years' imprisonment; it is a suspended sentence with no imprisonment.

The State offers no reason why a reduction should be granted in this case to cure an error. The error in this case was one that should not have been made because the statute clearly provides that when one is tried as an habitual offender and the conviction is for burglary and theft, that counts as only one conviction. Obviously the prosecuting attorney and the trial judge were not aware of the statute. The best way to deal with such errors is to require that the case be tried again. Not only is it therapeutic but it guarantees that neither the state nor the defendant will be prejudiced. I would remand the case for a new trial.