Juan GUZMAN *v.* STATE of Arkansas

CA CR 81-105                                         625 S.W. 2d 540

Court of Appeals of Arkansas
Opinion delivered December 9, 1981

*William R. Simpson, Jr.,* Public Defender, by: *Jeff*

*Rosenzweig,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen. by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. Appellant Juan Guzman was convicted in Pulaski County Circuit Court of aggravated robbery and the sentence fixed by the jury was twenty-five years in prison and a $5,000.00 fine.

The information filed charged Guzman with aggravated robbery. Subsequently an amended information was filed alleging that Guzman was also known as Gregorio Orozo; that under that name he had a previous conviction of aggravated robbery with a deadly weapon; and that his sentence should be enhanced according to Act 1118 of 1979, codified as Ark. Stat. Ann. § 41-2102(3) (b) (Supp. 1981).

The trial was bifurcated. In the guilt phase, the jury returned a unanimous verdict finding Guzman guilty of aggravated robbery and finding he was armed with a deadly weapon. In the punishment phase, the State introduced a set of certified documents from the State of Texas on one Gregorio Orozco, which included a grand jury indictment, judgment, and sentence for aggravated robbery, along with a photograph and fingerprints of the convicted Orozco.[1] The defense offered no evidence to rebut the State's proof that Guzman, as Orozco, was previously convicted in Texas.

In the instant case the jury found that Juan Guzman,

---

[1] We note that the State's amended information alleged Guzman's alias as Gregorio Orozo whereas the certified Texas documents refer to Gregorio Orozco. Under the doctrine of *idem sonans,* absolute accuracy in spelling names is not required if the names, though spelled differently, sound practically identical. See *Leggins* v. *State,* 267 Ark. 293, 590 S.W. 2d 22 (1979). Since there was no specific objection on this point made at trial and the point is not raised on appeal, we need not consider it. *Wicks* v. *State,* 270 Ark. 781, 606 S.W. 2d 366 (1980); *Addington* v. *State,* 2 Ark. App. 7, 616 S.W. 2d 742 (1981). However we do point out that the jury could find from the photograph in the Texas documents that the man convicted there was the defendant here.

also known as Gregorio Orozo, had been convicted or found guilty of one previous aggravated robbery with a deadly weapon and assessed an enhanced punishment.

On appeal appellant contends that the 1975 Texas judgment does not show a specific finding by the Texas jury that Orozco was armed with a deadly weapon during that offense. Appellant argues that an affirmative finding of use of a deadly weapon in the Texas judgment is essential to activate the enhanced sentence provision of Arkansas' aggravated robbery statute, Ark. Stat. Ann. § 41-2102 (Supp. 1981), which reads in part:

> (3) (b) Upon pleading guilty or being found guilty for the second time of aggravated robbery *with a deadly weapon,* such person shall be imprisoned for no less than fifteen (15) years. (Emphasis ours.)

Ark. Stat. Ann. § 41-1003 (Repl. 1977) provides that a duly certified copy of the record of a previous conviction by a court of record *or* the certificate of the chief officer of a penal institution of this state or of another jurisdiction, containing the name and fingerprints of the defendant as they appear in his office records, are sufficient to support a finding of a prior conviction or finding of guilt.

In the instant case, the Orozco indictment, judgment (which shows the defendant was represented by counsel), and sentence documents were all duly certified by the District Judge and Clerk of Galveston County, Texas; the photograph and fingerprints of Orozco were certified by the Records Officer of the Texas Department of Correction, as well as the Judge and Clerk of Walker County, Texas. Moreover, section 41-1003, supra, specifically states that a previous conviction or finding of guilt may be proved by *any* evidence that satisfies the trier of fact beyond a reasonable doubt that the defendant was so convicted.[2]

The Texas judgment specifically refers to the grand

jury indictment which charged Orozco with committing aggravated robbery "by using and exhibiting a deadly weapon, to wit: a handgun . . . ." And the jury's verdict found the defendant guilty "as charged in the indictment."

We think there was sufficient evidence before the Pulaski County jury from which it could find beyond a reasonable doubt that the defendant there had been found guilty in Texas of aggravated robbery with a deadly weapon. To reverse because the Texas jury did not make a more specific finding would be putting form over substance.

We find no error.

Affirmed.

---

[2]This statute was amended by Act 252 of 1981, and now requires the *trial court,* rather than *the trier of fact,* to determine whether there have been prior convictions.