Lawrence Lee HUGHES *v.* STATE of Arkansas

CR 83-141                                      664 S.W.2d 471

Supreme Court of Arkansas
Opinion delivered February 21, 1984

*Peter O. Thomas, Jr.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The trial court denied appellant's Rule 37 petition in which he sought to gain additional jail time credit on his six year sentence. On appeal it is argued that the trial court erred in denying additional jail time credit and thereby causing appellant's sentence to exceed the maximum statutory six year sentence. We do not agree with appellant's argument.

On March 13, 1978, appellant was sentenced to 17 years in the Arkansas Department of Correction (ADC) for kidnapping and first degree battery. He was paroled on May 3, 1982. He was arrested for felon in possession of a firearm and other charges on August 12, 1982. His parole was revoked on October 29, 1982, and he was returned to prison to serve additional time for the 1978 conviction. He was again paroled and returned to the Pulaski County Jail on March 26, 1983, to await trial on the charges for which he was arrested on August 12, 1982. He entered a guilty plea to the charge of felon in possession of a firearm on April 5, 1983, and the other charges were dismissed. The trial court sentenced him to six years and allowed credit for 10 days presentence jail time.

The record of the sentencing procedure reveals the appellant to have asked that "he be given credit for his jail time." The court stated: "He will be given credit for jail time served."

Although the abstract is lacking in some respects, we are able to readily understand the facts of the case. The appellant's request for credit for jail time was sufficient to include all proper jail credit. The question before us is whether appellant should be given credit for the additional time he served in the ADC as a result of his parole being

revoked. The reason his parole was revoked was because he violated the provisions of his parole by being in possession of a firearm. He served 227 days in the Cummins Unit of the ADC and was held an additional 10 days in the Pulaski County Jail awaiting trial on charges stemming from the same incident which caused his parole revocation.

Arkansas Stat. Ann. § 41-904 (Repl. 1977) requires the court to give credit to an accused for the time he is imprisoned if the conduct for which he is held results in a prison sentence. *Walters v. State*, 267 Ark. 155, 621 S.W.2d 468 (1979). If appellant had been held in jail, on this charge alone, because he was indigent then he would have been entitled to the full 237 days. *Charles v. State*, 256 Ark. 690, 510 S.W.2d 68 (1974). He was not held in the ADC as punishment for being in possession of a firearm; he was held there because he violated his parole. The time served in the ADC after revocation of his parole was punishment for the 1978 crime. When he was again paroled he was returned to the Pulaski County Jail where he was held for 10 days before he pleaded guilty to being a felon in possession of a firearm. The trial court stated "he would be given credit for jail time served" and subsequently determined 10 days to be the proper credit. We agree with the trial court's determination of credit time. He was entitled to credit for all the time he was held to answer for the conduct giving rise to the sentence he received. *Cannon v. State*, 265 Ark. 270, 578 S.W.2d 20 (1979).

Affirmed.