William Wade ALLEN *v.* STATE of Arkansas

CR 87-83                                            742 S.W.2d 886

Supreme Court of Arkansas
Opinion delivered January 19, 1988

210

*Kenneth George Fuchs*, for appellant.

*Steve Clark*, Att'y Gen., by: *Frank J. Wills III*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, William Wade Allen, was convicted of aggravated robbery and sentenced as a habitual offender to fifty years imprisonment. On appeal, Allen argues his case should have been dismissed for lack of speedy trial, enhancement of his sentence was wrong, his sentence should have been credited with jail time served, and a mistrial should have been granted because the state failed to disclose discoverable material. We find these arguments meritless and affirm.

On June 1, 1984, the Sav-On Drug Store in Conway, Arkansas, was robbed. A man entered the store, walked back to the pharmacy, placed a gun in a customer's back, and then told the pharmacist, Edgar Clark, to open the drug storage door. The customer was told to lie down while the robber walked into the store room with Clark. The robber pointed the gun at Clark and ordered him to put all the Class II narcotics in a pillow case.

The robber left the drug store through the back door. As he was leaving, an employee of the store, Jerry Webb, ran out the front door and around the building and observed the robber get on a motorcycle and ride away. In making his get away, he lost his helmet a block or so from the drug store. A patrolman arrived about that time, and Webb got in the police car to pursue the robber. The helmet was retrieved, and fingerprints taken from it matched Allen's. The motorcycle was found the next day in a parking lot. A photographic lineup was conducted, and both Webb and Clark identified Allen as the man who robbed the drug store.

A felony information was filed on June 12, 1984, charging Allen with aggravated robbery. Allen was arrested on October 2, 1984, in Dallas County, Texas, on this charge and on another aggravated robbery charge from Jackson, Tennessee. Allen refused to sign a waiver of extradition to Arkansas and fought extradition to Tennessee. He was transported to Tennessee in November, 1985. His trial in May, 1986, resulted in an acquittal.

Subsequently, Allen waived extradition to Arkansas. He arrived in this state on June 13, 1986, and was tried on October 10, 1986. A jury found him guilty and sentenced him as a habitual offender to fifty years imprisonment.

## I. *SPEEDY TRIAL*

Allen argues he was denied his right to a speedy trial on the charge of aggravated robbery. The time for trial is determined by Ark. R. Crim. P. 28.1. Subsection (c) provides:

> Any defendant charged with an offense in circuit court and held to bail, or otherwise lawfully set at liberty, including release from incarceration pursuant to subsection (a) hereof, shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within eighteen (18) months from the time provided in rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

The date the charge is filed begins the time period for a speedy trial. Ark. R. Crim. P. 28.2(a); *Howard* v. *State*, 291 Ark. 633, 727 S.W.2d 830 (1987). The information was filed on June 12, 1984, and Allen's trial in Arkansas was held on October 10, 1986, approximately twenty-eight months later.

Once the accused has shown that the trial is to be held after the speedy trial period expired, the state has the burden of showing the delay is legally justified. *Harwood* v. *Lofton*, 288 Ark. 173, 702 S.W.2d 805 (1986); *Walker* v. *State*, 288 Ark. 52, 701 S.W.2d 372 (1986); *Williams* v. *State*, 275 Ark. 8, 627 S.W.2d 4 (1982). The state claims the delay in bringing Allen to trial was justified for two reasons: he was on trial on another charge in a different state and he fought extradition to Arkansas. The state submits when computing the eighteen month period, periods of delay resulting from the trial in Tennessee and resisting extradition to Arkansas are excludable. We agree. Ark. R. Crim. P. 28.3 provides:

> The following periods shall be excluded in computing the time for trial:
>
> (a) The period of delay resulting from other proceedings concerning the defendant, including . . . trials of other

charges against the defendant . . . .

* * *

(e) The period of delay resulting from the absence or unavailability of the defendant. A defendant shall be considered absent whenever his whereabouts are unknown. A defendant shall also be considered unavailable whenever his whereabouts are known but his presence for the trial cannot be obtained or he *resists being returned to the state for trial.* (Emphasis added.)

A delay of approximately six months was due to Allen's trial on another charge. Allen was extradited to Tennessee on November 20, 1985, to face trial for aggravated robbery. His trial was held on May 29, 1986. Thus, that period of approximately six months is excludable. Ark. R. Crim. P. 28.3(a); *see Mackey* v. *State,* 279 Ark. 307, 651 S.W.2d 82 (1983).

Delays due to resisting return to Arkansas for trial are also excluded. Ark. R. Crim. P. 28.3(e); *O'Riordan* v. *State,* 281 Ark. 424, 665 S.W.2d 255 (1984); *Faulk* v. *State,* 261 Ark. 543, 551 S.W.2d 194 (1977).

The question before us is whether or not the appellant's failure to waive extradition from Texas constitutes, within the meaning of our rule, resisting return to Arkansas for trial. Our constitution provides that an accused shall enjoy the right to a speedy trial. Ark. Const. art. 2, § 10. In pursuit of this right, we have adopted rules to protect the interest of the defendants, as well as the public. In doing so, we have provided that defendants shall be brought to trial within a specified time or the charge will be dismissed with an absolute bar to prosecution. Ark. R. Crim. P. 30.1(a). On the other hand, we have placed responsibility on the defendant to be available for trial, excluding such time delays which result from his resisting appearance for trial. Ark. R. Crim. P. 28.3.

Although Allen had an opportunity at the time of his arrest in Texas to return to Arkansas and obtain his "speedy trial," he refused to sign a waiver of extradition burdening both our state and Texas with extradition proceedings. Such conduct on his part amounts to resisting return to this state for trial within the framework of our rule. Other jurisdictions have taken a similar

posture. In *State* v. *Haynes*, 456 N.E.2d 1279 (Ohio App. 1982), the Ohio court stated: "We find it incongruous for appellant to contest her failure to be brought to trial when she has actively sought to prevent her trial from proceeding by becoming a fugitive and by refusing to waive time-consuming extradition proceedings." *See also State* v. *Mick*, 229 Kan. 157, 621 P.2d 1006 (1981). The same holds true in this case.

■ The thirteen month period between Allen's arrest and his extradition to Tennessee is excludable. When we add together the excludable periods while the appellant was in Texas and in Tennessee, we find that he was tried within the statutory period of time.

Citing *Shaw* v. *State*, 18 Ark. App. 243, 712 S.W.2d 338 (1986), Allen makes the additional argument that reversal is mandated by virtue of the trial court's failure, either in its written order or in docket entries, to set forth all excluded periods as required by Rule 28.3(i), which provides:

> All excluded periods shall be set forth by the court in a written order or docket entry. The number of days of the excluded period or periods shall be added to the number of months applicable to the defendant as set forth in Rule 28.1(a), (b) and (c) to determine the limitations and consequences applicable to the defendant.

■ We find it unnecessary to reach the merits of this issue as our review of the abstract on appeal fails to disclose that the argument was ever presented to the trial court. We do not consider arguments made for the first time on appeal. *Stephens* v. *State*, 293 Ark. 366, 738 S.W.2d 91 (1987).

## II. *SENTENCE ENHANCEMENT*

Allen's sentence was enhanced pursuant to Ark. Stat. Ann. § 41-2102(3)(d) (Supp. 1985), which provides: "Upon pleading guilty or being found guilty the fourth or subsequent time of aggravated robbery with a deadly weapon, such person shall be imprisoned for no less than fifty (50) years." The jury found Allen guilty of his fourth aggravated robbery charge and sentenced him to fifty years. Allen contends this was wrong as the statute applies only to convictions of aggravated robbery with a deadly weapon

and none of his convictions specify he committed the offense with a deadly weapon.

Allen argues the felony information in this case charged him with the offense of robbery instead of aggravated robbery. The information clearly charged: "William Wade Allen . . . with the crime of violating Ark. Stat. Ann. § 41-2102 (Aggravated Robbery) . . . ." The information then described the offense by tracking the language of the statute: "[Allen] committed robbery and represented by word or conduct that he was armed with a deadly weapon, to-wit: committed robbery as defined at Ark. Stat. Ann. § 41-2103, at Sav-On Drug while representing he was armed with a deadly weapon." The information further stated Allen was charged with a Class Y felony (aggravated robbery). Robbery is a Class B felony.

■ Allen wrongly contends that this information did not charge that he committed the robbery with a deadly weapon, but only that he represented that he had a deadly weapon. There is sufficient evidence that Allen was convicted of aggravated robbery with a deadly weapon: the verdict form following the sentencing phase of the trial, the judgment and commitment order, a jury instruction, and the testimony of two witnesses all reflect that Allen used a gun during the robbery.

■ In arguing against enhancement, Allen attacks the state's proof of the three prior convictions for aggravated robbery with a deadly weapon. Ark. Stat. Ann. § 41-1003 (Supp. 1985) sets out the required proof for prior convictions. It provides in pertinent part:

> A previous conviction or finding of guilt of a felony may be proved by any evidence that satisfies the trial court beyond a reasonable doubt that the defendant was convicted or found guilty. The following are sufficient to support a finding of a prior conviction or finding of guilt:

> (1) a duly certified copy of the record of a previous conviction or finding of guilt by a court of record; or. . . .

The state has the burden to prove Allen's prior convictions. *Elmore* v. *State*, 268 Ark. 225, 595 S.W.2d 218 (1980), however, the state is not limited to the methods of proof set out in the statute. *Parker* v. *State*, 258 Ark. 880, 529 S.W.2d 860 (1975).

On appeal the test is whether there is substantial evidence from which the jury could have found that Allen was previously convicted of aggravated robbery with a deadly weapon. *Leggins* v. *State*, 267 Ark. 293, 590 S.W.2d 22 (1979).

State's Exhibits #2 and #3 contain documents of two aggravated robbery convictions in Pulaski County. Included in each exhibit is a felony information charging Allen with aggravated robbery with a deadly weapon, a docket entry stating Allen was charged with aggravated robbery and showing he changed his plea from not guilty to guilty, a commitment order to the Department of Correction, and a judgment stating Allen withdrew his not guilty plea and entered a guilty plea to aggravated robbery.

State's Exhibit #4 contains documents of a conviction in Craighead County consisting of a felony information charging Allen with aggravated robbery with a deadly weapon, the commitment to the Department of Correction evidencing a guilty plea to aggravated robbery, and a judgment stating that Allen pled guilty to aggravated robbery.

The fact that each document does not state Allen was charged or convicted with aggravated robbery with a deadly weapon is not fatal. In *Guzman* v. *State*, 3 Ark. App. 240, 625 S.W.2d 540 (1981), the defense argued the judgment did not show a specific finding by the jury that the defendant was armed with a deadly weapon during the offense. The court of appeals held the judgment could be used for enhancement purposes because it refers to the indictment charging the defendant with aggravated robbery by using and exhibiting a deadly weapon, and the jury verdict found the defendant guilty as charged in the indictment. We agree and apply the same rationale in this case as the documents in each exhibit encompass the information that specifies aggravated robbery with a deadly weapon.

The state's evidence is sufficient to prove Allen had three prior convictions for aggravated robbery with a deadly weapon. *Elmore* v. *State, supra.* In addition, Allen testified that he had been convicted of aggravated robbery previously and he had entered three guilty pleas. Since the conviction in this case was also for aggravated robbery with a deadly weapon, the jury properly found Allen had four convictions for aggravated robbery

with a deadly weapon, and correctly enhanced his sentence under Ark. Stat. Ann. § 41-2102(3)(d).

## III. *JAIL TIME SERVED*

Allen contends that his sentence should be credited with approximately two years for the time he served in out of state jails, as well as the four months credit he received while jailed in Arkansas. Ark. Stat. Ann. § 41-904 (Repl. 1977) provides: "If a defendant is held in custody for conduct that results in a sentence to imprisonment, the court shall credit the time spent in custody against the sentence." We have always strictly construed this statute. The statute provides for jail time credit against a sentence where the pretrial incarceration was imposed due to the conduct that resulted in a conviction and sentence. We only allow credit for jail time served in Arkansas on this charge. *Hughes* v. *State*, 281 Ark. 428, 664 S.W.2d 471 (1984); *Cannon* v. *State*, 265 Ark. 270, 578 S.W.2d 20 (1979). In *Boone* v. *State*, 270 Ark. 83, 85, 603 S.W.2d 410 (1980), we stated:

> Our statute requires that a defendant held in custody for conduct that results in a sentence to imprisonment be given credit for the time spent in custody against his sentence. Ark. Stat. Ann. § 41-904 (Repl. 1977). Jail time credit is, therefore, appropriate when a defendant's pretrial incarceration is due to his inability to make bail, but is inappropriate for time served in connection with wholly unrelated charges based on conduct other than for which the defendant is ultimately sentenced.

The time Allen was held in jail in Texas and in Tennessee prior to his waiving extradition from Tennessee to Arkansas cannot be credited against his sentence for he is not entitled to credit for jail time served as a fugitive while awaiting his return to Arkansas. *Hughes* v. *State*, 260 Ark. 399-A, 540 S.W.2d 592 (1976). Furthermore, we have refused to grant credit for jail time served on another charge. *McGirt* v. *State*, 289 Ark. 7, 708 S.W.2d 620 (1986); *Hughes* v. *State, supra.* The trial court credited Allen with all the jail time served to which he was entitled.

## IV. *MISTRIAL*

Allen's final claim is that the trial court erred in failing to grant a mistrial when Detective A. J. Gary testified that registration of the motorcycle used in the robbery had been traced to Allen.

Earlier in his testimony, Gary alluded to the fact that he had traced the motorcycle back to Allen, and had obtained a description of Allen as a result. Allen does not take exception to this testimony, rather he complains that mistrial was warranted as a result of Gary later testifying that the motorcycle was registered to Allen. The basis of his argument for mistrial was stated in the following particulars:

> "I have received no discovery whatsoever on the true registration of this motorcycle. I have been told that they may check it out, but I have received nothing ever since. All I knew was that this motorcycle was at one point checked out and it came back as no owner and this is a material fact in this case and I am proclaiming surprise."

In making his proclamation, counsel did not ask for a continuance, or for the court to order inspection of the title (which was not offered in evidence) under the authority of Ark. R. Crim. P. 19.17, nor did he ask the trial court to admonish the jury to disregard Gary's testimony concerning actual title. He merely claimed surprise and asked for mistrial.

Although the state apparently located title registration papers immediately prior to trial and failed to so advise the appellant, it should come as no surprise to him since there is testimony throughout the record that Gary had traced both the motorcycle and helmet back to Allen. Mistrial is an extreme remedy which should only be granted where there has been error so prejudicial that justice cannot be served by continuation of the trial. *See Abraham* v. *State*, 274 Ark. 506, 625 S.W.2d 518 (1981). A decision to grant mistrial rests within the sound discretion of the trial court. *Hogan* v. *State*, 281 Ark. 250, 633 S.W.2d 726 (1984). We find that the trial court did not abuse its discretion in refusing to grant a mistrial.

Affirmed.